UNITED STATES of America, Plaintiff–Appellee,

v.

George E. McAFEE, Defendant–Appellant.

No. 87–5551.

United States Court of Appeals, Fifth Circuit.

Nov. 25, 1987.

---

**945**

Before CLARK, Chief Judge, JOLLY and JONES, Circuit Judges.

PER CURIAM:

### I.

George E. McAfee contends that a district court order ruling violates the double jeopardy clause. The order conformed an earlier entered sentence for escape to the court's original intent that it run consecutively with rather than concurrently to the sentence McAfee was serving at the time of his escape.

### II.

During service of a sentence imposed in the Western District of Texas, McAfee was placed in a San Antonio halfway house in preparation for his release on parole. McAfee left the house on October 16, 1986 and did not return. After his arrest in January of 1987, McAfee pled guilty to a flight from custody charge.

At the sentencing hearing, McAfee's attorney requested a concurrent sentence. The district judge responded that "generally in this Court's mind, I don't think about concurrent sentences, when I've learned of escape." The judge also stated that "[t]he Court will not run a concurrent sentence." [1]

The oral pronouncement of sentence and the written judgment, entered on the same day as the sentencing hearing, imposed a five-year term of imprisonment, with 179 days to be served and the balance to be suspended. However, the oral pronouncement [2] and written judgment did not indi-

P. Joseph Brake, Asst. Federal Public Defender, Lucien B. Campbell, Federal Public Defender, San Antonio, Tex., for defendant-appellant.

Janet E. Bauerle, Le Roy Morgan Jahn, Pamela Ann Mathy, Asst. U.S. Attys., Helen M. Eversberg, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

---

**1.** More fully, the colloquy with Mr. Brake, McAfee's attorney, included the following comments by the judge.

> Mr. Brake talked to me about a concurrent sentence. He knows that generally in this Court's mind, I don't think about concurrent sentences, when I've learned of escape....
>
> To me it's escape whether it's walking away from a halfway house or blasting your way out of an institution. It's a serious offense. Obviously one is not as serious as the other, because one involves violence and the other one does not. The Court will not run a concurrent sentence, Mr. Brake, but I think I can fashion a sentence that will be both helpful to Mr. McAfee and take care of the requirement concerning punishment for the escapes.

**2.** The oral pronouncement provided:

> I will not impose any fine at all. I will sentence you to be committed to the custody of the Attorney General of the United States or his authorized representative for a period of five years. However, I will require that you serve a hundred and seventy-nine days of that time, which is less than six months, that thereafter the balance of the sentence be suspended and you be placed on probation, supervised probation, for a period of five years. Now, in that fashion, I hope I've done what's correct. I've punished you for the escape, which I believe is intentional and knowing, but I've also taken what you're telling me as being true, and hope that it is and that it works out.

cate whether the sentence for escape would run concurrently or consecutively to the remainder of the sentence that McAfee was serving at the time of his flight from custody.

One month after entering the sentence, the district court *sua sponte* entered an order to correct a "clerical mistake" in the written judgment.[3] The corrected written judgment explicitly imposed a consecutive sentence.[4]

McAfee alleges that the original sentence entered by the judge, which was silent on the subject of when it commenced, should be presumed to run concurrently. He contends that the district court's order clarifying its earlier intention to impose a consecutive sentence constitutes a new sentence that increases his punishment. Therefore, McAfee argues, this increase in punishment violates the Fifth Amendment prohibition against resentencing for the same offense. We find the premise of McAfee's argument flawed.

### III.

█ The terms of an oral pronouncement that clearly provide for a consecutive or concurrent sentence control a contrary, silent or ambiguous written judgment. *United States v. Kindrick*, 576 F.2d 675, 677 (5th Cir.1978). When the oral pronouncement of sentence does not resolve whether a sentence runs consecutively or concurrently, the clearly expressed intent of the sentencing judge discerned from the entire record controls. *Schurmann v. United States*, 658 F.2d 389, 391 (5th Cir. 1981). Finally, a presumption of concurrence operates to bar later imposition of a consecutive sentence when the oral pronouncement of sentence, the written judg-

ment and the record do not clearly reveal the intent of the sentencing judge. *United States v. Naas*, 755 F.2d 1133, 1135–36 (5th Cir.1985).

█ In this case, the oral pronouncement can be characterized as either silent or ambiguous as to whether the escape sentence is concurrent or consecutive. We therefore examine the entire record to determine the judge's intent. While the written judgment is silent, the transcript of the sentencing hearing indicates an intent to impose a consecutive sentence. *See supra* note 1 and accompanying text. In response to allocution, the judge expressly stated his intent not to impose a concurrent sentence. The judge also explained his reasons for not imposing a concurrent sentence. Consequently, the record clearly discloses the unequivocal intent of the sentencing judge to impose a consecutive sentence. The district court's order clarifying its intention to impose consecutive sentences does not constitute a new sentence that increased McAfee's punishment. Thus, no Fifth Amendment violation occurred.

The order of the district court is

AFFIRMED.

█

---

3. Fed.R.Crim.P. 36 provides that "[c]lerical mistakes in judgments, orders, or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders."

4. The corrected written judgment states that: The Defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of FIVE (5) YEARS, with the sentence to run consecutively to the sentence imposed on Count One of the indictment in Cause No. SA–85–CR–78(1), the first 179 days to be served and the remaining 1,646 days to be suspended and Defendant placed on probation for a period of five (5) years, with supervision, pursuant to the conditions provided in the Order of the Court entered 7/22/85.