UNITED STATES of America

v.

Paul CRECELIUS.

Crim. No. 89-036-T.

United States District Court, D. Rhode Island.

Dec. 10, 1990.

Seymour Posner, Asst. U.S. Atty., Providence, R.I., for plaintiff.

David A. Acton, West Palm Beach, Fla., Cathy Gibson, East Providence, R.I., for defendant.

## MEMORANDUM AND ORDER

TORRES, District Judge.

This case provides an apt illustration of when more may be less. It is before the Court on the defendant's motion pursuant to Federal Rule of Criminal Procedure 35(b) for a "reduction" of sentence from 12 months to 12 months and 1 day. For the reasons hereinafter stated, that motion is treated as a motion to correct a clerical error, and the relief requested is granted.

## BACKGROUND

Paul Crecelius was a government contractor who was convicted of multiple counts of mail fraud and submitting false documents to a government agency for misrepresenting that he had complied with the minimum wage requirements of his contract and the Davis–Bacon Act, 40 U.S.C. § 276a. On March 23, 1990, he was sentenced to a period of 12 months incarceration.

At the time of sentencing, this Court made it clear that it intended to impose the *minimum* sentence permitted by the applicable Sentencing Guidelines which prescribed a range of 12 to 18 months. Crecelius now points out that a sentence of 12 months and 1 day would actually be less severe because it would allow him to earn up to 54 days credit for "good time." Accordingly, he moves pursuant to Fed.R. Crim.P. 35(b) to "reduce" his sentence to 12 months and 1 day.

## DISCUSSION

As the government notes, Crecelius has no standing to move for a reduction of sentence pursuant to Rule 35(b) because that rule was amended effective November 1, 1987, to provide that only the government may move to reduce a sentence. However, the defendant is entitled to seek a "correction" of his sentence pursuant to

Rule 36 or by asking to Court to invoke its inherent power to amend its sentences.

Rule 36 permits a court to correct "clerical" errors in its judgments at any time. It provides:

> Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders.

Fed.R.Crim.P. 36.

The First Circuit has not yet had occasion to consider whether a divergence between the sentence a court intended to impose and that which it actually imposed constitutes a "clerical error" within the contemplation of Rule 36. Those circuits that have attempted to limn the boundaries of "clerical error" have reached what, at first blush, appear to be differing conclusions. Some construe the term broadly to include sentences that are ambiguous or do not accurately reflect the Court's intent. *United States v. McAfee*, 832 F.2d 944 (5th Cir.1987); *United States v. Niemiec*, 689 F.2d 688 (7th Cir.1982). The Ninth Circuit, on the other hand, has held that the term encompasses only transcription errors made by the clerk and does not include judicial mistakes in imposing sentence. *United States v. Dickie*, 752 F.2d 1398 (9th Cir.1985).

■ However, this disagreement seems to be more apparent than real. The actual line of demarcation appears to be between variances that involve only a failure to accurately reflect the clearly expressed intent of the sentencing Court and those that stem from substantive errors that render the sentence incorrect or illegal. Mistakes of the former type may be corrected pursuant to Rule 36 as long as the correction more accurately embodies what the record shows to be the Court's intent. This is particularly true when the correction does not increase the sentence previously imposed. *Niemiec*, 689 F.2d at 692. Even the Ninth Circuit has recog-

nized the appropriateness of "corrections" that merely conform the sentence to what was clearly intended and do not depart from the legitimate expectations of the parties. *United States v. Kaye*, 739 F.2d 488 (9th Cir.1984). On the other hand, the proper vehicle for "correcting" substantive errors is Rule 35(a) which deals with sentences that are determined on appeal to have been unreasonable or imposed in violation of law or as result of an incorrect application of the Sentencing Guidelines. *United States v. Cook*, 890 F.2d 672 (4th Cir.1989).

■ In this case, this Court clearly expressed its intent to sentence Crecelius to the minimum sentence provided for in the Sentencing Guidelines.[1] Since the applicable guideline range was 12 to 18 months, the 12 month sentence imposed appeared to be consistent with that intent. However, as the defendant now points out, sentences are not always what they appear to be. A sentence of 12 months plus 1 day is actually a lesser sentence because it makes the recipient eligible to earn a reduction in the time to be served for good behavior while incarcerated (i.e. "good time"). Consequently, the sentence imposed was not the sentence that the Court stated that it intended to impose and represents a clerical error within the meaning of Rule 36.

■ The requested relief can also be granted on the alternative ground that it is a legitimate exercise of the Court's inherent power to amend its sentence. Such amendment is permissible to "correct an acknowledged and obvious mistake" when the request for corrective action is made during that period of time in which either party may file a notice of appeal. *Cook*, 890 F.2d at 675. In this case, both conditions have been satisfied. The sentence imposed was clearly and admittedly erroneous, and Crecelius' motion was timely filed.

## CONCLUSION

For all the foregoing reasons, that portion of Crecelius' sentence prescribing the

---

1. "Looking at all those factors, the Court hereby sentences you ... on each count to a prison term of twelve months which is the minimum term permissible under the guidelines." Tr. 21, March 23, 1990.

period of incarceration is hereby corrected to 12 months and 1 day.

IT IS SO ORDERED.