**UNITED STATES of America, Appellee,**

v.

**George D. WALLS, Defendant–Appellant.**

No. 98–1194.

United States Court of Appeals, Second Circuit.

Argued Dec. 14, 1998.

Decided Dec. 23, 1998.

Paul D. Silver, Assistant United States Attorney (Thomas J. Maroney, United States Attorney, on the brief), Northern District of New York, Albany, N.Y., for Appellee.

Y. Curtis Smith, III, Delaney & Smith (Michael P. Delaney, on the brief), Albany, N.Y., for Defendant–Appellant.

Before: FEINBERG, CALABRESI, and SOTOMAYOR, Circuit Judges.

PER CURIAM:

Defendant–Appellant George D. Walls appeals the denial of his application to file a late notice of appeal of his sentence imposed in the United States District Court for the Northern District of New York (Thomas ·J. McAvoy, *Chief Judge* ). We affirm.

## I.  BACKGROUND

In 1989, Defendant–Appellant George D. Walls was convicted in the United States District Court for the Western District of Pennsylvania of bank fraud and other charges and sentenced to fifteen years' imprisonment. While he was serving that sentence, Walls forged the signature of a district court judge, for which he was convicted in 1992 in the Western District of Pennsylvania and given a thirty-month sentence to run consecutively with his first sentence.

In February 1994, Walls pled guilty in the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Chief Judge*) to one count of conspiracy to make a false statement in connection with

a claim for Social Security benefits in violation of 18 U.S.C. § 371. The order of judgment, filed in April, provided that Walls was "to be imprisoned for a term of twenty-four (24) months to be served consecutively with current sentence now serving."

In August 1997, as his fifteen-year bank fraud sentence drew to a close, Walls, acting *pro se,* submitted a "Motion to Clarify the Judgment Order" asking the district court to amend the judgment to indicate that his sentence was to run consecutively with his bank fraud sentence but concurrently with his thirty-month forgery sentence. On October 21, 1997, the district court entered an amended judgment indicating that Walls' twenty-four-month sentence was to run consecutively with both of his sentences from the Western District of Pennsylvania. Walls claims not to have received a copy of the amended judgment until December 8. On December 9, he submitted a notice of appeal to the district court.

We subsequently assigned Walls' trial counsel to represent Walls in his appeal. Walls' counsel wrote a letter to the district court in February 1998 asking it to grant Walls an application to file a late notice of appeal. The district court denied the request without comment.

## II.  DISCUSSION

■ We review a district court's decision with respect to a motion to file a late notice of appeal for abuse of discretion. *See United States v. Carson,* 52 F.3d 1173, 1180 (2d Cir.1995); *United States v. Hooper,* 43 F.3d 26, 29 (2d Cir.1994).

A defendant in a criminal case must file a notice of appeal in the district court within ten days after the entry of judgment or the order from which the appeal is taken. *See* Fed. R.App. P. 4(b). On appeal from the denial of his request for leave to file an untimely notice of appeal, Walls argues (1) that his notice of appeal should be considered timely with respect to the October 1997 order

of judgment because he did not receive the amended judgment until December 8, 1997, and he filed his notice of appeal the following day; and (2) that the deadline for filing his notice of appeal should be determined based on the October 1997 judgment rather than the original April 1994 order of judgment because the amended judgment differed significantly from the earlier order.

■ Our review of the record and the applicable legal precedents leads us to conclude that even if Walls' notice of appeal was filed in a timely manner with respect to the October 1997 amended judgment, his notice was still untimely because the October 1997 judgment did not differ substantially or resolve a significant ambiguity in the original April 1994 order of judgment. "Only when the lower court changes matters of substance, or resolves a genuine ambiguity, in a judgment previously rendered should the period within which an appeal must be taken or a petition for certiorari filed begin to run anew." *FTC v. Minneapolis–Honeywell Regulator Co.,* 344 U.S. 206, 211–12, 73 S.Ct. 245, 97 L.Ed. 245 (1952) (footnotes omitted); *see also Farkas v. Rumore,* 101 F.3d 20, 22 (2d Cir.1996) (per curiam) ("Where a judgment is reentered, and the subsequent judgment does not alter the substantive rights affected by the first judgment, the time for appeal runs from the first judgment.").

Even though Walls was serving his sentence for his 1989 bank fraud conviction and strictly speaking had yet to begin serving his sentence for his 1992 forgery conviction at the time he was sentenced by Judge McAvoy in 1994, the language of the April 1994 order of judgment created no "genuine ambiguity" as to whether Walls' sentence for his 1994 conviction was to run consecutively with his sentence for his 1992 forgery conviction. The federal sentencing statute explicitly provides that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a) (1994).[1] The district court's original order of

---

1. At oral argument, Walls relied on Fifth Circuit cases that have applied a rule that "[a]bsent clear language to the contrary, it is presumed that sentences imposed on more than one offense at

the same time, or at different times, will run concurrently." *United States v. Naas,* 755 F.2d 1133 (5th Cir.1985); *accord United States v. McAfee,* 832 F.2d 944 (5th Cir.1987). But

judgment stated that Walls' sentence for his 1994 conviction was "to be served consecutively with current sentence now serving." Not only does a plain language reading of § 3584(a) support the conclusion that Walls' sentences were to run consecutively, but the record shows that Walls' own counsel believed at the time that Walls was sentenced that his new sentence would run consecutively with both of his prior sentences.

Thus, we affirm the district court's denial of the application to file a late notice of appeal.

§ 3584 did not apply in *Naas* or *McAfee*. Section 3584 took effect on November 1, 1987, and applies only to offenses committed after that date. *Naas* was decided before § 3584 became effective, and McAfee was arrested for his offense—flight from custody—in January 1987, *see*

*McAfee,* 832 F.2d at 945. Section 3584 does apply in our case, and we are bound to follow its mandate.