**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 09-4326**

─────────────

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

MOHAMED AFIF,

            Defendant – Appellant.

─────────────

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Patrick Michael Duffy, District
Judge.  (2:07-cr-00134-PMD-1)

─────────────

Argued:  January 29, 2010          Decided:  February 18, 2010

─────────────

Before MICHAEL, KING, and SHEDD, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ARGUED:** Nicole Nicolette Mace, THE MACE FIRM, Myrtle Beach,
South Carolina, for Appellant.  Robert Frank Daley, Jr., OFFICE
OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for
Appellee.  **ON BRIEF:** W. Walter Wilkins, United States Attorney,
Columbia, South Carolina, Eric J. Klumb, Assistant United States
Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston,
South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mohamed Afif, a native of Yemen and a legal alien in the United States, pled guilty to one count of trafficking in counterfeit goods. See 18 U.S.C. § 2320(a). At sentencing, the district court set Afif's advisory sentencing range at 18-24 months and sentenced him to an 18-month term of imprisonment. The government subsequently filed a Rule 35(b) "substantial assistance" motion, but it informed the court that it was not recommending a substantial reduction or a sentence of less than 12 months. However, Afif urged the court (in writing and at the Rule 35 hearing) to sentence him below 12 months in order to lessen the immigration consequences that he faced as a result of his conviction. The court granted the motion and sentenced Afif to 12 months plus one day, a term that allows him to receive credit toward the service of his sentence for satisfactory behavior. See 18 U.S.C. § 3624(b); United States v. Crecelius, 751 F. Supp. 1035, 1037 (D.R.I. 1990) (explaining that a sentence of 12 months plus one day can actually be "less" than a 12-month sentence because of service credit). Afif now appeals the reduced sentence, arguing that the court improperly based it on his status as an alien. Finding no merit to this contention, we affirm.

Afif did not argue below that the district court erred by considering his status as an alien during the Rule 35(b)

proceeding; indeed, to the extent that his status was considered, Afif asked the court to consider it. On this record, the government contends that we should apply the "invited error" doctrine. See, e.g., United States v. Herrera, 23 F.3d 74, 75 (4th Cir. 1994) (noting that "a defendant in a criminal case cannot complain of error which he himself has invited" (citation and internal punctuation omitted)). Although the government's position arguably is correct, even if we allow Afif to maintain this argument on appeal, our review is for plain error. See, e.g., United States v. Dawson, 587 F.3d 640, 648 (4th Cir. 2009) (noting that "criminal defendants have an affirmative obligation to raise appropriate objections in the district court, lest they be subjected to the rigorous plain error standard on direct review").

Plain error review involves four steps:

First, there must be an error or defect - some sort of deviation from a legal rule - that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the district court proceedings. Fourth and finally, if the above three prongs are satisfied, the court of appeals has the discretion to remedy the error - discretion which ought to be exercised only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings. Meeting all four prongs is difficult, as it should be.

Puckett v. United States, 129 S.Ct. 1423, 1429 (2009) (citations omitted and internal punctuation modified).

Our plain error review need not proceed beyond step one because we conclude that the district court did not err in sentencing Afif. "Although the Guidelines prohibit reliance on national origin . . . they do not mention alienage as a departure factor; it therefore serves as a potential basis for departure." United States v. DeBeir, 186 F.3d 561, 569 (4th Cir. 1999). Aliens are entitled to the same individualized sentencing procedure as citizens. United States v. Gomez, 797 F.2d 417, 419 (7th Cir. 1986). Thus, "the illegal act of an alien is entitled to no more deference than some other prior illegal act of a citizen also being sentenced for a [comparable] violation." Id. at 420. The record simply does not support Afif's contention that the court's sentence was based on his status as an alien. The court did not sentence Afif to 12 months plus one day because he is an alien. Instead, the court rejected Afif's request that he receive a sentence below 12 months, a request that Afif made because of his alien status. In other words, the court did not grant Afif special treatment because of his alienage. There is certainly nothing improper in the court's handling of this issue. For this reason, Afif is not entitled to relief.

Based on the foregoing, we affirm the judgment of the district court.

<u>AFFIRMED</u>
