# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 17, 2012

Lyle W. Cayce
Clerk

No. 11-10773
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SIXTO FERNANDEZ-AVINA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-48-1

Before SMITH, GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Sixto Fernandez-Avina (Fernandez) appeals from the 96-month above-guidelines sentence imposed by the district court following his conviction for illegal reentry. He argues that the district court's written judgment specifying that the sentence in the instant case was to run consecutively to Fernandez's then-unimposed state sentence conflicted with the oral pronouncement of sentence, which was silent regarding consecutiveness.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

If there is a conflict between the oral and written sentences, the oral sentence prevails. *See United States v. Garza*, 448 F.3d 294, 302 (5th Cir. 2006). "However, if there is an ambiguity between the two sentences, the entire record must be examined to determine the district court's true intent." *Id.* (internal quotation marks and citation omitted). "When the oral pronouncement of sentence does not resolve whether a sentence runs consecutively or concurrently, the clearly expressed intent of the sentencing judge discerned from the entire record controls." *United States v. McAfee*, 832 F.2d 944, 946 (5th Cir. 1987)*; see also United States v. Tafoya*, 757 F.2d 1522, 1529 (5th Cir. 1985) (holding that the written judgment clarified, rather than conflicted with, the oral sentence when "the oral pronouncement [was] silent and the immediately-consequent written sentence clearly state[d] the district court's intent to impose consecutive sentences"). Moreover, terms of imprisonment that are imposed at different times are presumed to run consecutively to one another when the district court is silent on the matter. *See* 18 U.S.C. § 3584(a). Accordingly, even if de novo review applies, we conclude that the written judgment issued shortly after the oral pronouncement merely clarified, and clearly expressed, the district court's intent at sentencing. *See McAffee*, 832 F.2d at 946.

Fernandez properly concedes that his argument that § 3584(a) did not authorize the district court to impose his sentence to run consecutively to his then-anticipated state court sentence is foreclosed. *See Setser v. United States*, 132 S. Ct. 1463, 1466-73 (2012); *United States v. Brown*, 920 F.2d 1212, 1216-17 (5th Cir. 1991), *abrogated on other grounds by United States v. Candia*, 454 F.3d 468, 472-73 (5th Cir. 2006).

Assuming, without deciding, that Fernandez adequately preserved his reasonableness challenges below, we review his sentence for reasonableness first by ensuring that the district court committed no significant procedural error. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *see also United States v. Candia*, 454 F.3d 468,

2

No. 11-10773

472-73 (5th Cir. 2006) (reviewing consecutive nature of sentence imposed for reasonableness). If the district court's sentencing decision is procedurally sound, we review the substantive reasonableness of the sentence under an abuse of discretion standard. *See Gall*, 552 U.S. at 51. A sentence outside the Guidelines is unreasonable if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

Fernandez's contention that his unscored convictions and extensive criminal history were an unsound basis for the upward variance lacks merit. *See United States v. Zuniga-Peralta*, 442 F.3d 345, 347-48 (5th Cir. 2006) (upholding upward departure based on uncounted crimes and repeated illegal reentries). As for the substantive reasonableness of the sentence, which was 25 months above the top of the applicable guidelines range, this court has affirmed greater variances. *See, e.g., Smith*, 440 F.3d at 705-06, 708-10 (upholding a 60-month sentence when the upper end of the guidelines range was 27 months). Because the district court cited fact-specific reasons for imposing the sentence and its reasons adequately reflected consideration of the § 3553(a) factors—including Fernandez's history and characteristics, the need to deter future crimes by Fernanadez, and the need to protect the public—its upward variance did not result in a substantively unreasonable sentence. *See id.* Although Fernandez argues that the § 3553(a) factors do not support the imposition of a consecutive sentence, we decline his invitation to reweigh those factors. *See United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008) ("[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant.").

AFFIRMED.