# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-11509
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 21, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

AVNIEL AWAN ANTHONY,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-128-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Avniel Awan Anthony appeals his 72-month, above-guidelines sentence for making a false statement in a passport application.  *See* 18 U.S.C. § 1542. Anthony first contends that the district court committed reversible plain error in calculating his guidelines range by applying separate enhancements for obstruction of justice and reckless endangerment based solely on the same conduct—namely, his attempt to escape police custody while awaiting

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

extradition at a Mexican airport by crawling into, and subsequently falling from, the airport ventilation ducts. *See* U.S.S.G. §§ 3C1.1 & 3C1.2. Second, Anthony asserts error because the district court's Statement of Reasons (SOR) orders his sentence to run consecutively to his sentences on unrelated state charges, whereas the court's oral pronouncement of the sentence did not mention consecutive sentences.

In relation to his double enhancement claim, we need not determine whether Anthony has shown a clear or obvious error that affected his substantial rights because, in any event, he fails to demonstrate that any such error affected the fairness, integrity, or public reputation of judicial proceedings. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Andaverde-Tinoco*, 741 F.3d 509, 523 (5th Cir. 2013). The difference between the top of the correct and incorrect guidelines ranges—12 months and 16 months, respectively—is four months. Although Anthony's 72-month sentence is 60 months above the top of the properly calculated range, it is the result of an intentional above-guidelines variance by the district court, not an attempt to sentence Anthony within an incorrect higher range. *Cf. United States v. Martinez-Rodriguez*, 821 F.3d 659, 664 (5th Cir. 2016); *United States v. Price*, 516 F.3d 285, 289 (5th Cir. 2008). To that end, the district court explained that a 72-month sentence was necessary because the guidelines range failed to adequately account for the facts of the instant case or Anthony's long history of violent criminal behavior. *See* 18 U.S.C. § 3553(a); *United States v. Wikkerink*, 841 F.3d 327, 330-39 (5th Cir. 2016) (affirming, on fourth plain error prong, nonguidelines sentence 180 months above top of correct guidelines range where district court based variance on facts of the case and defendant's criminal history). Accordingly, the guidelines calculation error had little probable effect on Anthony's final sentence, and he fails to

No. 16-11509

demonstrate that the exercise of this court's corrective discretion is warranted. *See Puckett*, 556 U.S. at 135.

Anthony further argues that there is a discrepancy between the district court's written and oral pronouncements of his sentence with respect to whether his federal sentence is to run consecutively to or concurrently with his state sentences. *See generally United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001). There is no discrepancy, however; the district court was silent at sentencing regarding how Anthony's federal and state sentences were to be served, whereas the SOR instructs that they are to be served consecutively. The court's intent is thus gleaned from the entire record. *See United States v. McAffee*, 832 F.2d 944, 946 (5th Cir. 1987). The SOR, which is part of that record, clarifies the district court's intent to run Anthony's federal sentence consecutively to his state sentences. *See United States v. Tafoya*, 757 F.2d 1522, 1529 (5th Cir. 1985). Anthony therefore fails to show an abuse of discretion in the district court's judgment. *See United States v. Vega*, 332 F.3d 849, 851 n.1 (5th Cir. 2003).

AFFIRMED.