UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**AMENDED SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "Summary Order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of December, two thousand and seventeen.

Present:
      PETER W. HALL,
      DEBRA ANN LIVINGSTON,
          *Circuit Judges*,
      NICHOLAS G. GARAUFIS,
          *District Judge.*[*]

---

UNITED STATES OF AMERICA,

      *Appellee*,

      v.

                                   15-3877-cr
                                   15-4178-cr

JOSEPH LEE DARLING,

      *Defendant-Appellant.*

---

[*] Judge Nicholas G. Garaufis, of the United States District Court for the Eastern District of New York, sitting by designation.

1

| For Appellant: | BARCLAY T. JOHNSON, Research & Writing Attorney, (Elizabeth K. Quinn, Assistant Federal Public Defender; Michael L. Desautels, Federal Public Defender, *on the brief*), Burlington, Vermont. |
|---|---|
| For Appellee: | PAUL J. VAN DE GRAAF, Chief Assistant United States Attorney, Criminal Division, (Gregory L. Waples, Wendy L. Fuller, Assistant United States Attorneys, *on the brief*) *for* Eugenia A.P. Cowles, Acting United States Attorney for the District of Vermont, Burlington, Vermont. |

Appeal from orders of the United States District Court for the District of Vermont (Reiss, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court denying Appellant's motion for permission to file a late appeal, before us in Docket No. 15-4178, is **AFFIRMED**, and the late appeal filed in Docket No. 15-3877 is **DISMISSED**.

Pursuant to a Rule 11(c)(1)(C) plea agreement, Defendant-Appellant Joseph Lee Darling was sentenced to thirteen months in prison on a supervised release violation running consecutive to a 120-month sentence for oxycodone distribution. After his appeal period had run, Darling moved for leave to file a late appeal. The district court denied that motion and Darling's subsequent motion for reconsideration. Darling ultimately filed two notices of appeal: one from the denial of his motion for leave to file a late appeal and another untimely appeal from his sentence. We assume the parties' familiarity with the underlying facts, the procedural history, the district court's rulings, and the arguments presented on appeal.

We review orders denying leave to file a late notice of appeal for abuse of discretion. *United States v. Walls*, 163 F.3d 146, 147 (2d Cir. 1998). "Such an order cannot be set aside by a reviewing court unless it has a definite and firm conviction that the court below committed a clear error of judgment in the conclusion that it reached upon a weighing of the relevant factors." *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 362 (2d Cir. 2003) (internal quotation marks omitted). We cannot say that the district court exceeded the bounds of its discretion here.

Federal Rule of Appellate Procedure 4(b)(4) permits district courts to grant leave to file late appeals "[u]pon a finding of excusable neglect or good cause." Because Darling's failure to file his notice of appeal was not due to circumstances beyond his control, we conclude that the "good cause" standard does not apply. *See* Fed. R. App. P. 4(a)(5)(A)(ii) advisory committee's notes to 2002 amendments ("The good cause standard applies in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant. . . . If, for example, the Postal Service fails to deliver a notice of appeal, a movant might have good cause to seek a post-expiration extension."). On the other hand, the excusable neglect standard "applies in situations in which there is fault." *Id.* Whether excusable neglect exists "is at bottom an equitable [decision]." *United States v. Hooper*, 9 F.3d 257, 259 (2d Cir. 1993) (internal quotation marks omitted). In considering motions for leave to file a late appeal, district courts are to consider: (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact upon judicial proceedings; (3) the reason for the

3

delay, including whether it was in the reasonable control of the movant; and (4) whether the movant acted in good faith. *See id.* (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

"[D]espite the flexibility of 'excusable neglect' and the existence of the four-factor test in which three of the factors usually weigh in favor of the party seeking the extension, we and other circuits have focused on the third factor: the reason for the delay, including whether it was within the reasonable control of the movant." *Silivanch*, 333 F.3d at 366 (internal quotation marks omitted). "[T]he equities will rarely if ever favor a party who fail[s] to follow the clear dictates of a court rule and . . . we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test." *Id.* (second alteration in original and internal quotation marks omitted). Such is the case here.

The record indicates simply that Darling changed his mind about filing an appeal after his window to do so had closed. Despite being transported between prison facilities after he was sentenced, Darling spoke twice with defense counsel during that time and chose not to appeal. He did not clearly indicate that he wished to appeal until a full month after the appeal period had run. Such a change of mind is neither "good cause" nor "excusable neglect."

The district court applied the correct legal test in evaluating Darling's motion, and we thus cannot say that it abused its discretion. We observe, however, that the *Pioneer* test does not require, nor do we advise, district courts to probe the merits of a potential late appeal. Such an approach may put a district court in an undesirable

position, as here, of being forced to decide an issue of first impression in our Circuit (one on which our sister circuits are split) on a motion for reconsideration. We express no position on the merits of the underlying appeal, leaving them to be resolved at some appropriate future proceeding.

We have considered Darling's remaining arguments and find them to be without merit. Accordingly, the order of the district court denying Darling's motion for a late appeal before us in Docket No. 15-4178 is **AFFIRMED**, and Darling's underlying merits appeal before us in Docket No. 15-3877 is **DISMISSED** for lack of appellate jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk