# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number:＿＿＿＿＿＿＿＿＿

Filing Date: May 15, 2018＿＿＿＿＿

**No. A-1-CA-35545**

**STATE OF NEW MEXICO,**

 Plaintiff-Appellee,

v.

**WILBUR M. STEJSKAL,**

 Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Fred T. Van Soelen, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Laurie Blevins, Assistant Attorney General
Albuquerque, NM

for Appellee

Robert E. Tangora
Robert E. Tangora, LLC
Santa Fe, NM

for Appellant

**OPINION**

**BOHNHOFF, Judge**

{1}     Defendant Wilbur M. Stejskal (Defendant) appeals an amended judgment and sentence entered two years after the entry of his original judgment and sentence. By changing the word "concurrent" to the word "consecutive," the amended judgment has the practical effect of increasing Defendant's term of incarceration from nine years to ten years. On appeal, Defendant asserts that, pursuant to Rule 5-801 NMRA and *State v. Torres*, 2012-NMCA-026, 272 P.3d 689, the district court lacked jurisdiction to amend or modify the original sentence. The State, on the other hand, argues that the amended judgment in this case did not involve a "modification of sentence" for purposes of Rule 5-801 and *Torres*; instead, the amended judgment merely corrected a clerical mistake as permitted by Rule 5-113(B) NMRA. We conclude that Rule 5-113 authorized the district court to enter the amended judgment and therefore affirm.

**BACKGROUND**

{2}     Defendant's convictions are based upon a plea agreement. Pursuant to the terms of that agreement, Defendant pled no contest to two separate crimes, one of which would result in a nine-year sentence and the other of which would result in a three-year sentence with two years unconditionally suspended. The agreement recited

that the sentences for both convictions would "run consecutively for a total of ten (10) years in the [d]epartment of [c]orrections."

{3} At a plea hearing, the district court reviewed the terms of the plea agreement with Defendant on the record and accepted Defendant's plea. At various points during that hearing, the parties and court each acknowledged that the plea agreement called for a ten-year period of incarceration. At a subsequent sentencing hearing, the district court pronounced sentence, explaining that:

> pursuant to the plea agreement on count one, you are hereby sentenced to nine years in the department of corrections [and on] count two, three years in the department of corrections with two years unconditionally suspended, running consecutively for a total of ten years in the department of corrections, [and] running concurrently with any time that you are currently facing on probation or parole.

{4} Thus, based upon the record below, the parties and their counsel understood that the plea agreement called for consecutive sentences that would result in ten years of incarceration and also that Defendant was, in fact, being sentenced to a ten-year term of incarceration. Nonetheless, the written judgment and sentence that was then entered recited that the sentences for the two crimes would run concurrently, with the result that Defendant effectively was sentenced to nine years of incarceration.

{5} Two years later, while reviewing Defendant's file, the district court noticed that the written judgment provided for the sentences to run concurrently instead of consecutively. The court scheduled a presentment hearing sua sponte. At that hearing,

the court proposed to enter an amended judgment to correct the error. Counsel for Defendant argued that the district court was without jurisdiction to do so, relying upon Rule 5-801(A) and *Torres*. The court, however, found that it had authority under Rule 5-113 to correct the error in the judgment, and accordingly, entered the amended judgment as proposed.

**DISCUSSION**

{6}     Rule 5-801 was amended in 2014 by Supreme Court Order No. 14-8300-014, effective for all cases filed on or after December 31, 2014. The version in effect on March 28, 2013, when the case at bar was filed, provided in pertinent part as follows:

> A.     **Correction of sentence.** The court may correct an illegal sentence at any time pursuant to Rule 5-802 NMRA and may correct a sentence imposed in an illegal manner within the time provided by this rule for the reduction of sentence.
>
> B.     **Modification of sentence.** A motion to reduce a sentence may be filed within ninety (90) days after the sentence is imposed[.]

Rule 5-802 addresses the procedure to be followed for petitioning for a writ of habeas corpus to determine inter alia that a "sentence [is] illegal or in excess of the maximum authorized by law or is otherwise subject to collateral attack." Rule 5-113(B) provides that, "[c]lerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders."

{7} Defendant contends that "under [Rule 5-801(B)], the district court cannot modify a sentence after ninety (90) days. . . . Any modification beyond the proscribed time period is outside the district court's jurisdiction." Citing *Torres*, Defendant urges that the district court therefore lacked jurisdiction to amend his sentence two years after its original entry. Defendant further argues that changing the two sentences to run consecutively as opposed to concurrently was not a clerical error that could be corrected pursuant to Rule 5-113.

{8} Defendant's trial counsel preserved the error by contesting the district court's authority to amend the sentence during the presentment hearing. We review a district court's application of Supreme Court rules of procedure de novo. *State v. Miller*, 2008-NMCA-048, ¶ 11, 143 N.M. 777, 182 P.3d 158.

**A.    Rule 5-801**

{9} The version of Rule 5-801 in effect in 2013 permitted the district court to correct an illegal sentence at any time through a habeas corpus proceeding and correct a sentence imposed in an illegal manner within 90 days after the sentence is imposed. As the district court noted in its letter ruling, Rule 5-801(A) was not applicable to Defendant's original sentence, because it was "not illegal in any way." The State does not contend to the contrary. Rather, the State defends the amended sentence on the

grounds that the district court properly had authority under Rule 5-113(B) to correct a clerical error in the judgment.[1]

{10} *Torres* does not affect the applicability of Rule 5-113 to the amendment of Defendant's sentence. In that case, this Court addressed the jurisdiction of district courts to amend judgments pursuant to Rule 5-801. *Torres,* 2012-NMCA-026, ¶ 11. The defendant had been sentenced as a habitual offender for the crime of escape from prison in a manner that allowed his newly imposed sentences to run concurrently with his preexisting sentences. *Id.* ¶ 3. As a result, the sentences imposed ran afoul of NMSA 1978, Section 31-18-17(C) (amended 2003) and NMSA 1978, Section 31-18-21(A) (1977). *Torres*, 2012-NMCA-026, ¶¶ 9-10; *See also State v. Davis*, 2003-NMSC-022, ¶ 15, 134 N.M. 172, 74 P.3d 1064 (holding that sentences imposed for crimes committed while an inmate must run consecutive to all combined existing sentences); *State v. Mayberry*, 1982-NMCA-061, ¶¶ 17-18, 97 N.M. 760, 643 P.2d 629 (holding that habitual offender enhancements cannot be served concurrently with their underlying basic sentences). Eighteen years later, as part of an audit conducted by the Department of Corrections, the illegality of Torres' sentences was discovered and the district court ultimately granted the state's motion filed under Rule 5-801 to

---

[1] The version of Rule 5-801(B) in effect in 2013 permitted the district court only to reduce a sentence and, therefore, that provision also has no application to the amendment of sentence.

amend the judgment to extend the term of incarceration by eight years. *Torres*, 2012-NMCA-026, ¶¶ 1, 5. On appeal, this Court reversed. After examining the history of Rule 5-801, we concluded that a district court's jurisdiction under the pre-2014 version of Rule 5-801(A) to correct an illegal sentence was strictly limited to habeas corpus proceedings. *Torres*, 2012-NMCA-026, ¶ 27. Thus, the State could seek modification of a sentence pursuant to Rule 5-801 only to correct one imposed in an illegal manner and only within the 90-day period following original entry.

**B.     Rule 5-113**

{11}     As stated above, Rule 5-113(B) authorizes a district court at any time to correct "[c]lerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission[.]" In *State v. Ross*, 1983-NMCA-065, ¶¶ 16-18, 100 N.M. 48, 665 P.2d 310, this Court characterized as a clerical error, and subject to correction under Rule 5-113(B), a citation in a judgment to the statute that defines the crime of burglary of a dwelling house as opposed to the statute that defines the crime of breaking and entering. In *Ross*, it was clear from the record not only that the defendant had been convicted of breaking and entering but that the district court had intended to sentence him for that crime. However, we have not considered whether the erroneous imposition of sentences to run consecutively versus

6

concurrently in a judgment can qualify as a clerical error or otherwise fall within the parameters of Rule 5-113(B).

{12}     When interpreting a court rule, a court looks to the same rules of construction as if it were interpreting a statute. Our function is to fulfill the intent of the rule. In doing so, we will "give effect to the plain meaning of the rule if its language is clear and unambiguous." *State v. Montoya*, 2011-NMCA-009, ¶ 8, 149 N.M. 242, 247 P.3d 1127 (alteration, internal quotation marks, and citation omitted); *see also Delfino v. Griffo*, 2011-NMSC-015, ¶ 12, 150 N.M. 97, 257 P.3d 917 (recognizing that in determining the Legislature's intent, the appellate courts will look first to the plain language of the statute and give its words their ordinary meaning).

{13}     *Webster's Third New International Dictionary* 421 (unabr. ed. 1986) defines "clerical error" as "an error made in copying or writing." Similarly, *Black's Law Dictionary* 489 (9th ed. 2010) defines "clerical error" as "[a]n error resulting from a minor mistake or inadvertence, esp[ecially] in writing or copying something on the record, and not from judicial reasoning or determination." Here, it is clear from the plea agreement as well as the colloquy at the plea hearing and the original sentencing hearing that the district court and the parties understood and intended that Defendant would be sentenced to two consecutive sentences that would run for a total of ten years. We assume the insertion of the word "concurrent" as opposed to "consecutive"

in the written sentence and judgment was made by the district judge's clerical assistant during the course of preparing the latter document. In any event, it was an error in copying or writing, i.e., a clerical error.

{14}     The similarly worded Federal Rule of Criminal Procedure 36 has been given a consistent construction. Rule 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Within the meaning of Rule 36, a clerical error "must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *United States v. Guevremont*, 829 F.2d 423, 426 (3d Cir. 1987)(internal quotation marks & citation omitted). "Because a defendant has a constitutional right to be present when he is sentenced, if there is a variance between the oral pronouncement of sentence and the written judgment of conviction, the oral sentence generally controls." *United States v. DeMartino*, 112 F.3d 75, 78 (2d Cir. 1997) (citation omitted). Thus, while Rule 36 does not authorize a court to modify the written judgment to effectuate an intention that the court did not express in its oral sentence, *DeMartino*, 112 F.3d at 79, the court may amend a sentence to accurately provide, in accordance with its original intention and oral pronouncement of sentence, that multiple sentences will run

consecutively as opposed to concurrently. *See, e.g.*, *United States v. Becker*, 36 F.3d 708, 710 (7th Cir. 1994); *United States v. McAfee*, 832 F.2d 944, 946 (5th Cir. 1987), *superseded by statute on other grounds as stated in United States v. Walls*, 163 F.3d 146, 147 n.1 (2d Cir. 1998) ; *Kennedy v. Reid*, 249 F.2d 492, 492 (D.C. Cir. 1957).

**C.      Defendant's Remaining Argument**

{15}      Citing *State v. Diaz*, 1983-NMSC-090, ¶ 4, 100 N.M. 524, 673 P.2d 501, Defendant also contends that the district court lacked authority to amend the sentence because he had an "expectation of finality" in the original sentence and the district court amended it after he had served two years of it. *Diaz* does not help Defendant's cause. While it holds that an oral ruling, including an oral pronouncement of sentence, is not a final judgment and can be changed at any time before entry of final judgment, *id.* ¶ 6, it does not address at all, much less hold, that a clerical error in a final judgment cannot be corrected pursuant to Rule 5-113(B). Further, to the extent Defendant implicitly is raising a double jeopardy challenge, it, too, is unsupported. Double jeopardy rights are not compromised where the defendant has no reasonable expectation of finality in his or her sentence. *March v. State*, 1989-NMSC-065, ¶ 5, 109 N.M. 110, 782 P.2d 82.; *See State v. Cheadle*, 1987-NMSC-100, ¶ 12, 106 N.M. 391, 744 P.2d 166.

9

## CONCLUSION

{16} The record in this case establishes that the Defendant entered his plea of no contest pursuant to an agreement by which he would receive two consecutive sentences resulting in a total of ten years of incarceration. The parties and court all understood that agreement and accurately recited its sentencing terms at various points in the proceedings. The district court's pronouncement of sentence in open court was consistent with both written agreement and the parties' unanimously expressed understanding. We therefore conclude that the written judgment and sentence imposing concurrent sentences resulting in a total of nine years of incarceration was the product of clerical error, which the district court could correct pursuant to Rule 5-113(B). Accordingly, the district court's amended judgment and sentence imposing consecutive sentences is affirmed.

{17}    **IT IS SO ORDERED.**

_____
**HENRY M. BOHNHOFF, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Chief Judge**

_____
**STEPHEN G. FRENCH, Judge**

10