# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
March 5, 2020

Lyle W. Cayce
Clerk

No. 18-50867
c/w No. 19-50084

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

KENNETH RAY MILTON,

      Defendant-Appellant.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 7:18-CR-133-1
USDC No. 7:13-CR-232-1

Before OWEN, Chief Judge, and SOUTHWICK and OLDHAM, Circuit Judges.

PER CURIAM:[*]

In 2018, Kenneth Ray Milton pleaded guilty to aiding and abetting the possession of crack cocaine with intent to distribute. The district court gave Milton a low-end Guidelines sentence of 262 months. The district court also

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50867
c/w No. 19-50084

revoked Milton's supervised release for a prior drug conviction and gave him an additional 24-month revocation sentence. Milton appealed.[1] We affirm.

## I.

Milton first argues that the district court's oral pronouncement of his 262-month sentence conflicts with its written judgment. We review a challenge to a purported discrepancy between an oral pronouncement and a written judgment for abuse of discretion. *See United States v. Morin*, 832 F.3d 513, 518–19 (5th Cir. 2016).

At Milton's sentencing hearing for his 2018 drug conviction, the district judge orally pronounced a sentence of 262 months in prison. The judge did not specify whether that term would run concurrently or consecutively with any revocation sentence. And there is an obvious reason why: the judge had not yet revoked Milton's supervised release.

Immediately after orally sentencing Milton to 262 months for his 2018 drug conviction, the judge held a hearing to revoke his supervised release for a 2013 drug conviction. In that case, the judge sentenced Milton to "24 months to run consecutively to the term of imprisonment imposed in MO:18-CR-133," the case involving the 2018 conviction.

Four days after holding the two hearings, the court entered a written judgment for the 2018 conviction. That judgment stated that Milton's 262-month term of imprisonment would run "consecutive to [the] sentence imposed

---

[1] Milton timely appealed his 262-month sentence in Case No. 18-50867. He appealed his 24-month revocation sentence more than three months after entry of judgment in Case No. 19-50084. Though his second appeal was untimely, *see* FED. R. APP. P. 4(b)(1)(A)(i), the Government does not raise that argument on appeal so we need not consider it. *See United States v. Hernandez-Gomez*, 795 F.3d 510, 511 (5th Cir. 2015) (noting that the time limit under Rule 4(b)(1)(A) "is mandatory, but it is not jurisdictional," so an objection to timeliness can be forfeited). Furthermore, Milton's opening brief in this consolidated appeal does not appear to raise any challenges to his revocation sentence.

No. 18-50867
c/w No. 19-50084

in MO-13-CR-232," the case involving the revocation of supervised release for Milton's 2013 conviction.

We see no conflict between the oral pronouncement and the written judgment in the case involving the 2018 conviction. The oral pronouncement was ambiguous as to whether the sentence would run concurrently or consecutively to any sentence for the revocation of supervised release. The written judgment merely clarified that ambiguity. *See Schurmann v. United States*, 658 F.2d 389, 391 (5th Cir. Unit A Oct. 1981) ("[H]ere the written order merely clarifies an ambiguous oral sentence.").

That clarification was appropriate. As we have previously held, when "the oral pronouncement of sentence does not resolve whether a sentence runs consecutively or concurrently, the clearly expressed intent of the sentencing judge discerned from the entire record controls." *United States v. McAfee*, 832 F.2d 944, 946 (5th Cir. 1987); *see also Morin*, 832 F.3d at 519 (quoting *United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006)) (noting that when "the difference between the two is only an ambiguity, we look to the sentencing court's intent to determine the sentence"). Furthermore, the federal criminal code states that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a); *see also United States v. Fernandez-Avina*, 477 F. App'x 212, 213 (5th Cir. 2012) (per curiam). It is obvious from a review of the entire record that the district judge intended for the two sentences to run consecutively. His clarification in the written judgment to that effect did not conflict with his oral pronouncement, and it was not an abuse of discretion.[2]

---

[2] Milton suggests that the judgment in the first case (involving possession with intent to distribute) somehow conflicts with the judgment in the second case (involving revocation of supervised release). Because we hold that the written judgment in the first case

3

No. 18-50867
c/w No. 19-50084

II.

Milton's second argument is that the district court committed a procedural error by failing to explain its reasons for imposing a 262-month sentence for the 2018 conviction in accordance with 18 U.S.C. § 3553(c)(1). That statute says that if a sentence is within the Guidelines range and "that range exceeds 24 months," the district court shall state in open court "the reasons for imposing a sentence at a particular point within the range." We review Milton's unpreserved argument involving § 3553(c)(1) for plain error. *See United States v. Akpan*, 407 F.3d 360, 378 (5th Cir. 2005).

When "a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Rita v. United States*, 551 U.S. 338, 356 (2007). "Circumstances may well make clear that the judge rests his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence . . . in the typical case, and that the judge has found that the case before him is typical." *Id.* at 357. "Unless a party contests the Guidelines sentence generally . . . the judge normally need say no more." *Id.*

In this case, Milton's Guidelines range was 262 to 327 months. Milton's counsel asked the judge to impose "a sentence at the lower end of the guideline range," and the judge granted the request by imposing the lowest sentence within the range—262 months. The judge explained that he believed the Guidelines range was "fair and reasonable." That explanation satisfies 18 U.S.C. § 3553(c)(1). *See Rita*, 551 U.S. at 359.

---

appropriately clarified the judge's oral pronouncement, we see no conflict between the two cases' judgments. Both state that the two sentences will run consecutively.

No. 18-50867
c/w No. 19-50084

III.

Milton's final argument is that the district court erred in holding that he was a career offender under § 4B1.1 of the Guidelines for his 2018 conviction. Section 4B1.1 states that a defendant is a career offender if: "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." The district court held that Milton was a career offender based on his 2013 conviction for distributing crack cocaine and his 2001 conviction for conspiracy to distribute crack cocaine.

Milton argues that the pre-sentence report does not identify the statute under which he was convicted in 2001 for conspiracy to distribute crack cocaine. Therefore, Milton argues, the court could not determine whether that offense was a "controlled substance offense" for purposes of determining career-offender status under § 4B1.1. Notably, Milton avoids discussing the question of whether conspiracy to distribute crack cocaine is, in fact, a "controlled substance offense." Rather, he merely claims that the district court lacked enough information to answer that question in the affirmative. As the Government rightly notes, Milton arguably waived this issue when defense counsel stated that "as to the career offender enhancement . . . I have no legal objection to make." *Cf. United States v. Sanchez-Hernandez*, 931 F.3d 408, 411 n.2 (5th Cir. 2019).

But even if Milton preserved the argument, he has not shown an error. On appeal, we allowed the Government to supplement the record with the indictment and judgment in Milton's 2001 conviction. We have previously affirmed a sentence on appeal after we "granted the government's motion to

supplement the record on appeal with the indictment and the judgment pertaining to Appellant's prior conviction." *United States v. Martinez-Vegas*, 471 F.3d 559, 562–64 (5th Cir. 2006). Here, the judgment shows that Milton was convicted of conspiracy to distribute crack cocaine in the Western District of Texas under 21 U.S.C. §§ 841(a)(1), 846.

A "controlled substance offense" is defined as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). The term includes "the offenses of aiding and abetting, conspiring, or attempting to commit" such an offense. *Id.* § 4B1.2 cmt. n.1. Milton's 2001 conviction was for conspiracy to distribute crack cocaine, 21 U.S.C. §§ 841(a)(1), 846, and he was sentenced to sixty-three months in prison. That offense plainly falls within the definition of a "controlled substance offense." Therefore, the district court correctly applied the Guidelines when it concluded that Milton's 2001 conviction was for a "controlled substance offense."

AFFIRMED.