# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 22, 2023

Lyle W. Cayce
Clerk

_____

No. 23-50239
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Kenneth Paiva,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:22-CR-243-1

_____

Before Jones, Southwick, and Ho, *Circuit Judges*.

Per Curiam:[*]

Kenneth Paiva appeals his conviction and sentence following his guilty plea to one count of possession of a firearm by a convicted felon. First, Paiva argues that his above-guidelines, 180-month sentence is substantively unreasonable because it represents a clear error of judgment in balancing the 18 U.S.C. § 3553(a) sentencing factors. He contends that the district court

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

did not give weight to his personal history, but put undue weight on his criminal history, the seriousness of the offense of conviction, and the value of incarceration for deterrence.

We review the substantive reasonableness of a sentence for an abuse of discretion. *See United States v. Diehl*, 775 F.3d 714, 723 (5th Cir. 2015). In doing so, we consider the "totality of the circumstances, including the extent of any variance from the Guidelines range . . . to determine whether, as a matter of substance, the sentencing factors in [§] 3553(a) support the sentence." *United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012) (internal quotation marks and citations omitted). A non-guidelines sentence such as Paiva's unreasonably fails to reflect the § 3553(a) factors if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Diehl*, 775 F.3d at 724.

Here, Paiva fails to show that his 180-month sentence represents a clear error of judgment in balancing the sentencing factors. *See id.* The record demonstrates that the district court considered Paiva's history and characteristics. *See* § 3553(a)(1). Nonetheless, the district court chose to give greater weight to the need for Paiva's sentence to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," "afford adequate deterrence to criminal conduct, and "protect the public from further crimes of the defendant." § 3553(a)(2)(A)-(C). The district court's rationale for doing so is clear from the record. The district court was free to consider Paiva's criminal history although it was already factored into the guidelines calculation. *See United States v. Key*, 599 F.3d 469, 475 (5th Cir. 2010). Paiva's argument essentially asks this court to reweigh the § 3553(a) factors and substitute its own judgment on appeal, which we will not do. *See United States v. Hernandez*,

876 F.3d 161, 167 (5th Cir. 2017).  We have affirmed greater upward variances as substantively reasonable.  *See, e.g., Key*, 599 F.3d at 475-76.

Paiva further argues that 18 U.S.C. § 922(g)(1) is unconstitutional in light of *United States v. Lopez*, 514 U.S. 549 (1995), because it exceeds Congress's power under the Commerce Clause.  He is correct that his argument is foreclosed by circuit precedent.  *See United States v. Alcantar*, 733 F.3d 143 (5th Cir. 2013).  Accordingly, the judgment of the district court is AFFIRMED.

We agree with Paiva that there is a clerical error in the written judgment.  The district court orally pronounced that Paiva's sentence will run concurrently to any sentence that issues from the matter pending in Ector County, Texas.  However, the written judgment states that Paiva's sentence shall run consecutively to any such sentence.  Accordingly, this matter is REMANDED for the limited purpose of correcting the clerical error in the judgment.  *See* Fed. R. Crim. P. 36; *United States v. McAfee*, 832 F.2d 944, 946 (5th Cir. 1987).