2008-NMCA-048

182 P.3d 158

**STATE of New Mexico,**
**Plaintiff–Appellee,**

v.

**Curtis M. MILLER, Defendant–Appellant.**

**No. 26,895.**

Court of Appeals of New Mexico.

March 5, 2008.

Gary K. King, Attorney General, Katherine Zinn, Assistant Attorney General, Santa Fe, NM, for Appellee.

John Bigelow, Chief Public Defender, Karl Erich Martell, Assistant Appellate Defender, Santa Fe, NM, for Appellant.

## OPINION

WECHSLER, Judge.

{1} Defendant Curtis Miller challenges the district court's denial of his motion to withdraw his no contest plea to two counts of battery against a household member and one count of assault against a household member, contrary to NMSA 1978, § 30–3–15 (2001) (amended 2007) and NMSA 1978, § 30–3–12 (1995). Defendant entered his no contest plea to these charges in magistrate court during an audio-visual arraignment. We hold that the Rules of Criminal Procedure for the Magistrate Courts do not permit the acceptance of a no contest plea at an audio-visual arraignment unless a defendant specifically waives the right to be present. We also conclude that the State has failed to show beyond a reasonable doubt that the magistrate court's violation of the applicable procedural rules by accepting Defendant's no contest plea by closed-circuit video link was harmless error. Accordingly, we reverse and remand. Because we reverse on the first issue that Defendant raises on appeal, we do not address his arguments regarding the knowing and voluntary nature of his plea or the propriety of the "advice of rights" videotape that was used in magistrate court prior to his arraignment.

## BACKGROUND

{2} According to the statement of probable cause issued in this case, on March 6, 2006, police officers arrived at Defendant's home at 5:15 p.m. in response to a domestic disturbance call. Defendant, who was highly intoxicated, was in a rage because his friend's dog had attacked his cat. When Defendant began throwing objects around the house, his wife and daughter attempted to intervene, and Defendant grabbed and shoved them. Defendant's daughter ran out of the house to escape him. The police soon arrived, and Defendant was arrested and charged with two misdemeanor counts of battery against a household member and one petty misdemeanor count of assault against a household member.

{3} The next day at approximately 1 p.m., Defendant appeared without counsel at an audio-visual arraignment. Defendant was taken to a room at the Chaves County Detention Center in which there was a two-way, real-time, audio-visual connection with the magistrate courtroom in Roswell. Defendant, along with a number of other defendants, was shown a videotape advising him of his rights. During the audio-visual arraignment that followed, the magistrate judge, who was in the courtroom in Roswell, individually advised the defendants of the charges and penalties that they faced, asked them if they wanted an attorney or a jury trial, and allowed them the opportunity to enter a plea. During this proceeding, Defendant waived his rights, pleaded no contest, and was sentenced.

{4} Defendant later sought to withdraw his plea on the grounds that he (1) was intoxicated at the time of his plea and (2) is only semi-literate. After the magistrate judge denied the request, the district court held a hearing regarding whether the denial was proper. See NMSA 1978, § 35–13–1 (1975) ("Any ... defendant aggrieved by any judgment rendered or final order issued by the magistrate court in any criminal action, may appeal to the district court within fifteen days after judgment is rendered or the final order is issued in the magistrate court.").

{5} At the district court hearing, the magistrate judge testified that he advised Defendant at the arraignment of the charges against him and the penalties stemming from those charges. The magistrate judge further testified that he (1) asked about Defendant's education level and ascertained that he was able to read, speak, and understand English; (2) asked if Defendant saw the "advice of

rights" videotape and understood his rights; (3) told Defendant that he had an opportunity to plead guilty or not guilty to the charges and that if he pleaded guilty, he would be fined and sentenced that day; and (4) accepted Defendant's no contest plea and sentenced him to 180 days after he waived his rights to counsel and a jury trial.

{6} The magistrate judge testified that during an audio-visual arraignment he is essentially able to make eye contact with a defendant because monitors are placed directly under the cameras, which are about two feet from the magistrate judge and the defendant, respectively. The magistrate judge is able to zoom the camera in from the bench to watch the defendant sign waivers and arraignment papers. The magistrate judge testified that he knew from the complaint that Defendant was intoxicated the night before, that he watched for signs of continued impairment, and that he believed Defendant to have clear eyes and to be conscious of what was happening not only with the magistrate judge but at the detention center. The magistrate judge further testified that he made sure that he complied with the rules for taking a plea. *See* Rule 6–502 NMRA (providing that before accepting a plea of guilty or no contest, the magistrate judge must first address the defendant personally in open court to ensure that the plea is voluntary and to advise the defendant of the nature of the charges, the penalties, and the right to plead not guilty). When asked by defense counsel about the requirement of Rule 6–502 that a magistrate judge must address a defendant personally in open court before accepting a plea of no contest, the magistrate judge stated that he considered appearing by video to be "in open court, present in front of" him.

{7} Defendant testified that he dropped out of school in eighth grade, is dyslexic, and requires help reading and writing. He testified that he and his wife drank a half gallon of whiskey the day before the arraignment and that he woke up in jail to go to court at noon. He stated that he thought that he had been incarcerated for arguing with a friend and that he simply wanted to return to the detention center so that he could lie down.

Defendant claimed that he was not sober during the audio-visual arraignment, had not eaten that day, and could not remember if anyone checked his blood alcohol content. Defendant claimed that he did not receive any paperwork before appearing at the arraignment, that no one read the complaint to him before he entered his plea, that he did not watch the "advice of rights" videotape, that he did not read the waivers that he signed, and that he did not know the range of penalties stemming from his plea. Defendant testified that after he returned to jail, someone explained the complaint to him. In reaction, he wrote letters from jail to both the district court and this Court asking to change his plea. He testified that if he had appeared a couple of days later, he would not have entered a no contest plea. Defendant explained that he later obtained counsel to represent him in his efforts to withdraw his plea.

{8} At the conclusion of the hearing, the district court judge ruled that the magistrate court rules did not preclude accepting a no contest plea during an audio-visual arraignment. Having personally presided over audio-visual arraignments in magistrate court, the district court judge commented on the quality of the technology and accepted the magistrate judge's testimony that he was able to clearly determine that Defendant understood the proceedings. He concluded that Defendant's testimony ultimately indicated that he understood the proceedings but was disappointed with the sentence. The district court judge therefore denied Defendant's motion to withdraw his plea, concluding that the magistrate judge addressed Defendant in accordance with Rule 6–502(B) and that, in any event, the audio-visual proceeding did not prejudice Defendant. This appeal followed.

## MAGISTRATE COURT RULES OF CRIMINAL PROCEDURE FOR AUDIO-VISUAL ARRAIGNMENTS

{9} In support of his first argument on appeal, Defendant contends that the district court erred in not allowing him to withdraw his no contest plea because the Rules of Criminal Procedure for the Magistrate Courts require a defendant to be physically

present in the courtroom with the judge in order to enter such a plea. The State disputes the contention that the rules require a defendant's physical presence.

{10} We begin our analysis by noting that Defendant's challenge is based on a violation of Supreme Court rules. It appears that Defendant did not argue before either the magistrate court or the district court that the procedures implemented by the magistrate court judge violated any constitutional right to be present. On appeal, however, Defendant refers to the right to appear guaranteed in the New Mexico Constitution. *See* N.M. Const. art. II, § 14 ("In all criminal prosecutions, the accused shall have the right to appear and defend himself in person."). Defendant does not argue that any constitutional guarantee would afford him greater protection than the procedural rules. Instead, Defendant argues that magistrate court rules derive from the constitutional mandate. We therefore limit our review to Defendant's rule-based claim and leave for another day the constitutional analysis of this issue.

{11} We apply the same rules of construction to procedural rules adopted by the Supreme Court as we do to statutes. *See State v. Eden*, 108 N.M. 737, 741, 779 P.2d 114, 118 (Ct.App.1989). We approach the interpretation of rules adopted by the Supreme Court in the same way that we approach the interpretation of legislative enactments, by seeking to determine the underlying intent, *see Roark v. Farmers Group, Inc.*, 2007–NMCA–074, ¶ 50, 142 N.M. 59, 162 P.3d 896, *cert. denied*, 2007–NMCERT–006, 142 N.M. 16, 162 P.3d 171, and our interpretation of rules of criminal procedure "is guided by our review of rules in pari materia." *Walker v. Walton*, 2003–NMSC–014, ¶ 11, 133 N.M. 766, 70 P.3d 756. In determining the proper application of procedural rules, our review is de novo. *State v. Rowell*, 121 N.M. 111, 114, 908 P.2d 1379, 1382 (1995).

{12} The operative magistrate court rules for our analysis are Rule 6–110A NMRA and Rule 6–502. Rule 6–502(B) provides that the magistrate court shall not accept a plea of no contest or guilty "without first, *by addressing the defendant personally in open court,*

informing the defendant of and determining that the defendant understands" the nature of the charge, the mandatory minimum and maximum possible penalties, that the defendant has the right to plead not guilty, and that by pleading no contest or guilty, the defendant waives the right to a trial. (Emphasis added.) Rule 6–502(C) provides that the magistrate court shall not accept a no contest or guilty plea "without first, *by addressing the defendant personally in open court,* determining that the plea is voluntary." (Emphasis added.) Rule 6–502 does not mention the use of audio-visual procedures.

{13} Rule 6–110A governs audio-visual appearances by defendants in magistrate court. Under Rule 6–110A(B), a magistrate court may require audio-visual appearances by defendants under the following circumstances: (1) at an arraignment, initial appearance, or bail hearing or (2) at a sentencing proceeding, after a conviction at trial or a plea of guilty or no contest. Certain conditions must also be met, including that (1) the defendant and the judge "shall be able to communicate and see each other through a two-way audio-visual communication between the court and the place of custody or confinement" and (2) "the proceedings shall be conducted in a place open to the public." Rule 6–110A(C)(2), (3). Rule 6–110A(D) does not prohibit other "audio-visual appearances upon waiver of any right such person held in custody or confinement might have to be physically present."

{14} The issue before this Court arises because Rule 6–110A does not expressly provide for audio-visual appearances at plea proceedings. Additionally, Rule 6–110A does not make an exception for the requirement in Rule 6–502 that a magistrate judge cannot accept a plea of no contest without first "addressing the defendant personally in open court" to advise the defendant of his or her rights and to ensure that the plea is voluntary. As distilled, the issue in the present case is whether the authority granted to a magistrate judge under Rule 6–110A permits the acceptance of a no contest plea by audio-visual communication at an arraignment. An arraignment is a proceeding

at which an accused enters a plea to a charged offense, including pleas of not guilty, not guilty by reason of insanity, guilty, or no contest. *See* Rules 6–501(B), 6–302(A) NMRA. To interpret Rule 6–110A, we must understand whether the requirement of Rule 6–502, that a magistrate judge address a defendant "personally in open court," embraces the use of audio-visual communication.

█ {15} In addressing the latter concern, we consider the parallel provisions in the Rules of Criminal Procedure for the District Courts to provide guidance. *See* Rule 5–303 NMRA. Rule 5–303(A) states the manner in which a defendant may appear at an arraignment in district court and permits such an appearance either "through a two way audio-visual communication" or "in open court." Accordingly, in Rule 5–303(A), the Supreme Court *distinguishes an audio-visual appearance from an appearance in open court.* Such a distinction indicates that an audio-visual appearance cannot be considered to be "in open court." Because of this distinction and because we read the rules of the Supreme Court in pari materia, *Walker*, 2003–NMSC–014, ¶ 11, 133 N.M. 766, 70 P.3d 756, we conclude that Rule 6–502, by requiring a magistrate judge to address a defendant in open court when accepting a plea of no contest or guilty, *does not permit the acceptance of such pleas by audio-visual communication.*

█ {16} Based on our interpretation of Rule 6–502, it follows that the provision of Rule 6–110A allowing a magistrate judge to *require a defendant to appear for an arraignment through an audio-visual communication does not include a proceeding involving the acceptance of a no contest or guilty plea.* Through such communication, a magistrate judge cannot address a defendant in open court as Rule 6–502 demands. We cannot assume that the Supreme Court's failure to designate audio-visual appearances as permissible for plea proceedings in Rule 6–110A was mere oversight. *See State v. Gutierrez*, 2006–NMCA–090, ¶ 7, 140 N.M. 157, 140 P.3d 1106 (explaining that the role of an appellate court in interpreting a Supreme Court rule is to give effect to the rule's plain language and to refrain from giving additional meaning to clear and unambiguous language), *cert. de-*

*nied*, 2006–NMCERT–008, 140 N.M. 422, 143 P.3d 184.

{17} We further believe that the rules for both the district courts and the magistrate courts can be read consistently to provide a meaningful procedure for the use of audio-visual communications in plea proceedings. Although the procedures implemented in the courts are different, both are based on the principles that a plea must be knowing, intelligent, and voluntary. *Compare* Rule 5–303, *with* Rule 6–502. In district courts, Rule 5–303 expressly prohibits the acceptance of a guilty or no contest plea if the district court conducts the arraignment by audio-visual communication. Rule 5–303(I)(3) (providing that an arraignment may be through audio-visual communication if "no plea is entered by the court except a plea of not guilty"). The magistrate court rules, however, do not prohibit such appearances when a magistrate judge secures a valid waiver from a defendant. *See* Rule 6–110A(D). Although Rule 6–110A(D) does not designate plea hearings as appropriate for audio-visual appearances, it expressly provides that a defendant may consent to other "audio-visual appearances upon waiver of any right such person held in custody or confinement might have to be physically present." In addition, Rule 6–109(A) NMRA provides that a defendant shall be present at the arraignment and at every stage of the trial, except as otherwise provided in the rules. Rule 6–109(C)(2) further provides that a defendant need not be present when the magistrate court is provided with his or her written consent to proceed with a plea in his or her absence. To accomplish such an end, the Supreme Court provides a form, to be used in conjunction with Rules 6–109 and 6–110A, which acknowledges that a defendant is entitled to personally appear before the court at every stage of the criminal proceeding but allows a defendant to waive the right to personally appear at, among other things, plea proceedings. *See* Rule 9–104 NMRA.

█ {18} Reading each of these rules in pari materia, we conclude that the magistrate court rules do not permit a defendant to enter a guilty or no contest plea at an audio-visual arraignment unless the defendant ex-

pressly waives the right to appear in person. We find this reading of the magistrate court rules to be consistent with the Supreme Court's recognition that its rules of criminal procedure are designed to ensure that a guilty plea is made knowingly and voluntarily. *See State v. Garcia*, 121 N.M. 544, 546, 915 P.2d 300, 302 (1996). As our Supreme Court recognized in *Garcia*, Rule 5–303 essentially codifies the mandate of *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) that a trial court may not accept a guilty plea absent an affirmative showing on the record that the plea is both voluntary and intelligent. *See Garcia*, 121 N.M. at 547, 915 P.2d at 303. Thus, the requirement of Rule 5–303 that a defendant must appear personally in open court may be considered a procedural safeguard that serves to ensure the voluntariness of pleas. Similarly, our Supreme Court provided procedural protection in magistrate court by requiring a defendant's physical presence when entering a no contest plea pursuant to Rule 6–502 unless the defendant affirmatively opts to waive that right.

**{19}** Permitting a defendant to waive the right to personally appear during plea procedures in magistrate court comports with the recognition that a certain degree of informality exists in magistrate court that may not exist in district court. *See State v. Sedillo*, 2001–NMCA–001, ¶ 1, 130 N.M. 98, 18 P.3d 1051. Waiver also balances judicial efficiency and the protection of important rights. *See Garcia*, 121 N.M. at 547, 915 P.2d at 303 (noting that the district court "rule governing its plea procedures protects both the important rights of the defendant and ensures the proper administration of criminal law").

**{20}** Our focus in the present case therefore shifts to whether Defendant validly waived his right to be present in this case. Despite the State's argument that Defendant waived any due process rights by not objecting, we are addressing a rule of procedure that grants the right to appear and requires a defendant's consent for an audio-visual appearance under these circumstances. By promulgating Rule 6–502, our Supreme Court has guaranteed defendants the right to be present when entering a no contest plea. Thus, as we interpret the rule, the magistrate judge was required to (1) inform Defendant of the right to be present when entering his no contest plea and (2) obtain a valid waiver or consent before accepting Defendant's no contest plea by audio-visual communication.

**{21}** Our review of the record does not indicate that the magistrate judge informed Defendant that he had a right to appear in person to enter his no contest plea. On the contrary, the magistrate judge testified that he considered a video appearance to be equivalent to a personal appearance in open court. In addition, there is no indication in the record that Defendant either expressly or implicitly waived his right to appear. Although a Supreme Court form exists for waiving a personal appearance, a signed form does not appear in the record. Because there was no valid waiver, the district court erred in finding that the magistrate court complied with the rules when it accepted Defendant's no contest plea at the audio-visual arraignment.

## VIOLATION OF MAGISTRATE COURT RULES AND HARMLESS ERROR

**{22}** Our conclusion that the magistrate court did not comply with the mandate of the Rules of Criminal Procedure for the Magistrate Courts does not end our inquiry. *See State v. Padilla*, 2002–NMSC–016, ¶¶ 21–22, 132 N.M. 247, 46 P.3d 1247 (applying the harmless error standard of review after concluding that a district court erred in accepting a defendant's waiver of rights). Rule 6–704(A) NMRA states the following:

> [E]rror or defect in any ruling, order, act or omission by the court or by any of the parties is not grounds for granting a new trial or for setting aside a verdict, for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take any such action appears to the court inconsistent with substantial justice.

*See also* Rule 5–113(A) NMRA (providing identical language in the district court rule pertaining to harmless error). Our task, therefore, is to determine whether the magis-

trate court's error in accepting Defendant's plea by closed-circuit video link was "inconsistent with substantial justice" and therefore enough to warrant the reversal of Defendant's conviction. *See* Rule 6–704; *Padilla*, 2002–NMSC–016, ¶ 22, 132 N.M. 247, 46 P.3d 1247.

{23} In *State v. Spearman*, 84 N.M. 366, 368–69, 503 P.2d 649, 651–52 (Ct.App.1972), this Court considered whether the district court's failure to comply with a statutory requirement to, upon request, include a jury instruction regarding a defendant's failure to testify could be considered reversible error. We stated that when a "clear denial of a statutorily created procedural right .... has been established the state has the burden of showing beyond a reasonable doubt that the error was harmless." *Id.* at 369, 503 P.2d at 652. Because the state offered only mere speculation regarding the corrective inferences that might possibly have been drawn by the jurors from the deficient jury instruction in support of its argument that the district court's error was harmless, we reversed the defendant's conviction. *Id.*

{24} Applying the rationale of *Spearman* to the present case, we reach the same conclusion. As noted above, Defendant was denied a procedural right provided by the Supreme Court rules to appear before the magistrate court in person to enter his no contest plea. Accordingly, it was the State's burden to prove beyond a reasonable doubt that the magistrate court's acceptance of Defendant's plea by audio-visual communication was harmless. Instead of undertaking the task of meeting its burden, the State erroneously argues that Defendant bore the burden of demonstrating prejudice. In making its argument, the State relies primarily on the district court's conclusion that the audio-visual communication between the magistrate judge and Defendant was adequate to allow the magistrate judge to make the determination that Defendant was not suffering from any impairment from his recent heavy drinking. However, the State specifically concedes the fact that there would have been no way for the magistrate judge to detect the odor of alcohol emanating from Defendant through audio-visual communication. Furthermore, although the State contends that

"the audio-visual equipment in use by the magistrate courts offers extraordinary clarity in both sight and sound quality," we are unpersuaded that such communication can offer the same level of meaningful human interaction as a face-to-face meeting. Taking these shortcomings into account, we conclude that the State has failed to meet its burden of proving that the magistrate court's error was harmless beyond a reasonable doubt.

{25} Our conclusion that the magistrate court's non-compliance with the rules requiring Defendant to be physically present upon entering his no contest plea was not harmless error is further buttressed by the rationale offered in the Supreme Court of Illinois' decision in *People v. Stroud*, 208 Ill.2d 398, 281 Ill.Dec. 545, 804 N.E.2d 510 (2004). In *Stroud*, the defendant, represented by counsel, pleaded guilty to a crime by closed-circuit television. *Id.* at 547, 804 N.E.2d at 512. After he subsequently committed another crime, his probation was revoked, and he appealed the validity of the original conviction, arguing that his plea was unconstitutional. *Id.* at 547–48, 804 N.E.2d at 512–13. In reaching its decision, the Illinois Supreme Court highlighted the fundamental importance of appearing in person to plead guilty. *Id.* at 552, 804 N.E.2d at 517 ("[T]he importance of the courtroom itself in contributing a dignity essential to the integrity of the trial process leads us to conclude that a defendant's appearance at a guilty plea proceeding via closed-circuit television is constitutionally permissible only if the defendant waives the right to physical presence on the record after being advised of [the] right to be present.") (internal quotation marks and citations omitted). Although it does not appear that the defendant in *Stroud* argued that any specific aspect of appearing in person would have changed the outcome of his case, in vacating defendant's conviction the court stated that his "physical presence would have contributed to the fairness of the proceeding." *Id.*

{26} Similar to the Supreme Court of Illinois' analysis in *Stroud*, our rules inherently recognize the fundamental significance of appearing in person before a court when entering a no contest or guilty plea. Rule 6–

502(C) specifically states that a defendant pleading no contest or guilty must be addressed "in open court" in order to conclude that his or her plea is voluntary. The magistrate court did not comply with this mandate in the present case. While the State argues that the magistrate court's error did not result in any specific prejudice to Defendant, it fails to address the overarching concern of prejudice to the integrity of the criminal justice system when significant procedural rules are effectively bent. We agree with the court in *Stroud* that "[t]he atmosphere of the courtroom can play a critical, albeit intangible, role in the proceedings, including a hearing on a plea." *Stroud*, 281 Ill.Dec. 545, 804 N.E.2d at 515. Accordingly, and in addition to our conclusion that the State failed to meet its burden of showing harmless error beyond a reasonable doubt, we will not allow the circumvention of the requirement in the rules for a defendant to appear in person in order to enter a guilty or no contest plea in magistrate court. Because the magistrate court's acceptance of Defendant's no contest plea by closed-circuit video link was inconsistent with these bedrock principles as well as our rules of criminal procedure, Defendant's no contest plea must be reversed.

## CONCLUSION

{27} We conclude that (1) the magistrate court violated the mandate of the Rules of Criminal Procedure for the Magistrate Courts when it accepted Defendant's no contest plea by audio-visual communication and (2) the State failed to show that the magistrate court's error was harmless beyond a reasonable doubt. We reverse and remand for proceedings consistent with this opinion. As such, we do not reach the remaining issues that Defendant raises on appeal.

{28} **IT IS SO ORDERED.**

WE CONCUR: MICHAEL D. BUSTAMANTE and RODERICK T. KENNEDY, Judges.