This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                      NO. A-1-CA-36697

**JAMES JOSEPH LINCK,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Steven Blankinship, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kimberly M. Chavez Cook, Assistant Public Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}     Defendant James Linck asserts on appeal the district court erred in denying his motion to dismiss the State's petition for probation violation because the adjudicatory

hearing was not commenced within the time limits set forth by Rule 5-805 NMRA. [DS 2-4] We issued a notice proposing to affirm on the ground Defendant had not shown the district court abused its discretion. [CN 4-5] Defendant has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

{2}     Defendant continues to argue the district court erred in denying dismissal of the probation violation based on the State's negligence in failing to assure its petition to revoke Defendant's probation was adjudicated in a timely fashion. [MIO 5] Defendant acknowledges dismissal pursuant to Rule 5-805(L) is discretionary but argues dismissal was necessary based on due process principles and because Defendant did not receive the lesser remedy of release pending adjudication. [MIO 5, 12]

{3}     Defendant first argues due process principles applicable to speedy trial rights, though admittedly not applicable to probation revocation proceedings, required the district court to dismiss the petition to revoke Defendant's probation. [MIO 5] In support of this argument, Defendant relies largely on previous versions of Rule 5-805, in which dismissal was mandatory, and on cases based upon those previous versions of the rule to argue this Court should consider this history of Rule 5-805 and interpret the present discretionary dismissal language to require dismissal. [MIO 6-9] Defendant cites no authority supporting his contention a district court abuses its discretion for declining to dismiss a probation revocation petition on due process

grounds and instead relies on policy arguments. "[A]ppellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists." *State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129. Based on the plain language of Rule 5-805(H) and the lack of authority suggesting dismissal of a petition is anything other than discretionary, we decline to enunciate a different standard for dismissal of a petition to revoke probation on timeliness grounds. *See State v. Miller*, 2008-NMCA-048, ¶ 11, 143 N.M. 777, 182 P.3d 158 ("We apply the same rules of construction to procedural rules adopted by the Supreme Court as we do to statutes.").

{4}      Turning to Defendant's argument regarding dismissal as a mandatory alternative remedy to release, Defendant asks us to re-weigh evidence regarding the State's conduct and to determine the State acted in bad faith, justifying dismissal of the probation violation petition. [MIO 15-16] We again point out we cannot say the district court abused its discretion unless we can characterize its ruling as clearly untenable or not justified by reason. *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829. Despite the fact this Court will not re-weigh evidence, it does not appear the district court's ruling the State was negligent and did not justify dismissal was untenable or not justified by reason. *Bustos v. Hyundai Motor Co.*, 2010-NMCA-090, ¶ 34, 149 N.M. 1, 243 P.3d 440. ("[A]rguments [that] only go to the weight of

3

the evidence [are] beyond the scope of our review."). Moreover, Defendant cites no authority indicating dismissal is required on timeliness grounds if a defendant is not released earlier, and it does not appear Defendant ever sought release based on a violation of time limits. *Vigil-Giron*, 2014-NMCA-069, ¶ 60. Regarding Defendant's arguments he was prejudiced by the inability to seek rehabilitative opportunities and employment had he been released, it is unclear whether Defendant would actually have been released from custody had the probation revocation proceedings been dismissed, given his recent convictions in another county and the lack of information regarding Defendant's sentence in those cases.

{5}     Therefore, for the reasons set forth in our notice of proposed disposition and herein, we affirm.

{6}     **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Judge**


**WE CONCUR:**


_____
**STEPHEN G. FRENCH,Judge**


_____
**DANIEL J. GALLEGOS, Judge**

4