This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                    **No. A-1-CA-35695**

**FERNANDO RANGEL-VASQUEZ,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Nan G. Nash, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
John Kloss, Assistant Attorney General
Albuquerque, NM

for Appellant

D. Eric Hannum
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**HANISEE, Judge.**

{1}     The State appeals from the district court's order granting Defendant Fernando Rangel-Vasquez's motion to reconsider whether exceptional circumstances justified the second extension of trial and dismissal of the case with prejudice. This case involves LR2-400.1 NMRA, the special pilot rule governing "special calendar" cases in the Second Judicial District Court that was in place during the relevant time period. Concluding that the district court correctly dismissed the case against Defendant with prejudice, we affirm.

**BACKGROUND**

{2}     On January 29, 2014, Defendant was charged with one count of trafficking methamphetamine by possession with intent to distribute. In accordance with LR2-400 NMRA (2014)[1], Defendant's case was assigned to a "special calendar," and on March 5, 2015, a scheduling order was entered. *See* LR2-400(B)(1) (2014) (providing that "[c]riminal cases filed before July 1, 2014, shall be assigned and scheduled as provided for 'special calendar' judges"). The scheduling order provided that "[t]rial shall commence the weeks of March 21, 2016 through April 7, 2016" and that "[t]he specific date of trial shall be determined at the [d]ocket [c]all." On April 1, 2016, the special calendar judge granted his own sua sponte motion for extension of commencement of trial by forty-five days after finding that the "case should be

_____

[1]Pursuant to Supreme Court Order No. 16–8300–015, former LR2-400 (2014) was recompiled and amended as LR2-308 NMRA, effective December 31, 2016.

2

extended to accom[mo]date [the] court[']s schedule." Pursuant to the extension, trial was required to begin on or before May 23, 2016.

{3} At a docket call hearing on May 16, 2016, the special calendar judge first stated "[t]he trial will begin May 23[, 2016]." After conferring with the trial court administrative assistant, the special calendar judge revised his statement, explaining, "[i]t'll be that week. We'll come up with the date. Some other things that came up today suggest—I was gonna give you [May] 23[]. It may be a little later." At that point, the prosecutor interjected, "It looks like the State has a problem[,]" explaining that one of its "critical" witnesses was scheduled to be "in a two-week training from May 23[] to June 3[]." The special calendar judge instructed the State to find out where the witness's training was to take place and to "let [the court] know." He then told the parties, "we'll figure it out and let you know today or tomorrow" and acknowledged that "[w]e're running against some time limits."

{4} On May 18, 2016, the special calendar judge issued a notice setting trial for May 26, 2016. At 1:02 p.m. on May 23, Defendant filed an emergency motion to dismiss for violation of LR2-400.1, noting that no "written findings of exceptional circumstances [have] been approved and filed pursuant to [LR2-400.1(P)]" and arguing that "[n]o exceptional circumstances exist to justify" a second extension of time. Defendant also noted in his motion that "[t]he unavailability of the primary

3

[S]tate witness, and the State's inability to proceed to trial prior to May 26, 2016, was reiterated in an email to the [c]ourt and [d]efense [c]ounsel" that same day.[2] At 3:45 p.m. on May 23, 2016, the special calendar judge filed an order extending trial date due to exceptional circumstances. The "exceptional circumstances" on which the special calendar judge based the second extension included that: (1) Defendant, following the May 16 docket call hearing, had filed a motion to reconsider an earlier order denying Defendant's motion to dismiss for violation of Defendant's right to a speedy trial; (2) the State responded to Defendant's motion for consideration on May 20; and (3) the special calendar judge "has not had adequate time to review Defendant's motion to reconsider, given that it was not ripe for decision until Friday, May 20, 2016." The special calendar judge's May 23 order also noted that "[t]he [c]ourt was scheduled to conduct a jury trial in [another case] beginning at 8:45 a.m. on May 23, 2016." Chief Judge Nan Nash signed off on the extension in accordance with LR2-400.1(P)(1) (requiring the trial judge who is granting an extension beyond forty-five days to "certify the request for extension to the chief judge"). The special calendar judge then denied Defendant's emergency motion the following day.

{5}    Defendant immediately filed a motion to reconsider in which he argued that the second extension order was improper and that the May 26 trial setting violated the

---

[2]The record contains no evidence that the State ever disputed this representation by Defendant.

4

time provisions established by LR2-400.1(P). Defendant also requested an emergency hearing before Chief Judge Nash. At the hearing before Chief Judge Nash on May 26, Defendant argued that the special calendar judge's May 23 order should be reconsidered because "it's not factually or chronologically even feasible to say that [Defendant's May 16 motion for reconsideration] was the causative factor that caused this case to be set outside the rule." Defendant noted that his reassertion of his speedy trial rights via the May 16 motion occurred *after* the docket call at which the special calendar judge indicated that trial "may be [set] a little later" than May 23, i.e., beyond the 45-day window allowed under LR2-400.1. As such, contended Defendant, it was "not factually possible" for his motion to constitute an exceptional circumstance justifying further delay. The State pointed out that the special calendar judge did not issue a notice of trial setting for May 26 until May 18, two days after the docket call, and asked Chief Judge Nash to "defer to the decision" of the district court, specifically those aspects of the May 23 order that "laid out the circumstances for extending the trial[.]"

{6}     After hearing the parties' arguments and recessing to review the record, Chief Judge Nash granted Defendant's motion to reconsider based on her findings that "[t]he record in this case reflects that the [May 23] exceptional circumstances order that was approved by me as [c]hief [j]udge does not accurately reflect what happened in this

case" and that "I have nothing before me that says that there were any other exceptional circumstances beyond the [c]ourt's inability to fit this case in within the time limits[.]" In her written order issued on June 1, Chief Judge Nash found:

> 2)    The matter was set beyond the 45-day extension permitted by LR2-400.1 at docket call on May 16, 2016, before Defendant filed his renewed assertion of speedy trial rights, and owing only to an inadvertent scheduling error.
>
> 3)    The order from which this reconsideration is taken, entered on May 23, 2016, erred in its finding that the additional extension was predicated on Defendant's renewed assertion of his speedy trial rights.
>
> 4)    No exceptional circumstances exist to justify an additional extension of time to commence trial.

She, therefore, dismissed the case with prejudice as required by LR2-400.1(P)(3) (providing that "[i]f the State is unable to proceed to trial on the scheduled date and an extension has not been granted, the case shall be dismissed with prejudice"). From the June 1 order, the State appeals.

**DISCUSSION**

{7}    We review de novo a district court's interpretation and application of rules of procedure. *See State v. Miller*, 2008-NMCA-048, ¶ 11, 143 N.M. 777, 182 P.3d 158 ("We apply the same rules of construction to procedural rules adopted by the Supreme Court as we do to statutes."); *State v. Solano*, 1999-NMCA-019, ¶ 5, 126 N.M. 662, 974 P.2d 156 (explaining that this Court reviews the application of rules of criminal

procedure—there, Rule 5-604(B)(5) (governing the time of commencement of trial for particular cases)—de novo). "We approach the interpretation of rules adopted by [our] Supreme Court in the same way that we approach the interpretation of legislative enactments, by seeking to determine the underlying intent" of the rule. *Miller*, 2008-NMCA-048, ¶ 11.

{8} We begin by observing that our Supreme Court has explained its purpose in adopting case management rules that establish time limits within which trial in a criminal case must commence as being "to effectuate a criminal defendant's [constitutional] right to a speedy trial and to assure prompt disposition of criminal cases." *State v. Savedra*, 2010-NMSC-025, ¶ 5, 148 N.M. 301, 236 P.3d 20 (internal quotation marks and citation omitted). "[T]he right protected by [case management] rules belongs to a criminal defendant, not the [s]tate, the courts, or any other party." *Id.* (emphasis omitted). "The focus of administration of [case management] rule[s] should be on the defendant and his or her right to have a prompt disposition of his or her criminal charges." *Id.*

{9} LR2-400 (2014) is just such a case management rule, the express purpose of which is to "govern[] time limits for criminal proceedings in the Second Judicial District Court." LR2-400(A) (2014). LR2-400.1 was enacted as a companion rule to LR2-400 (2014) to "govern[] time limits for cases in the 'special calendar' as outlined

in Sections B(1) and (L) of LR2-400." LR2-400.1(A). LR2-400.1 provides strict deadlines by which certain activities must occur in cases placed on the special calendar, including disclosure of all discovery, commencement of a scheduling conference, and entry of a scheduling order, to name just a few. *See* LR2-400.1(D),(I),(J). It expressly provides that once a scheduling order establishes deadlines for pretrial activities and sets a trial date, extensions to deadlines (1) may only be granted "[f]or good cause shown," (2) cannot exceed twenty days, and (3) may not "result in an extension of the trial date." LR2-400.1(J)(3). The only way for the trial date to be extended is upon a showing of "good cause which is beyond the control of the parties or the court." LR2-400.1(P). Upon a showing of good cause and entry of written findings thereof, the special calendar judge in his or her discretion "may extend the trial date for up to forty-five (45) days[.]" *Id.* The court "*shall not extend* the trial date more than forty-five (45) days beyond the original date scheduled for commencement of trial *without a written finding of exceptional circumstances approved in writing by the chief judge or a judge . . . that the chief judge designates.*" *Id.* (emphasis added). The plain language of LR2-400.1(P) makes clear that the special calendar judge has no authority to unilaterally reset a trial date beyond forty-five days from when trial was originally set to commence; the rule effectively vests the chief judge or her or his designee with the exclusive authority to grant extensions beyond

8

forty-five days and only if "exceptional circumstances" exist. *See* LR2-400.1(P), (P)(1), and (P)(2). And the rule, as a whole, makes clear that extension of a trial date, once set, is disfavored, not to be granted lightly, and may only exceed a resetting beyond forty-five days in truly exceptional cases.

{10} The State's assertions to the contrary are unavailing. The State ignores the plain language of LR2-400.1(P) and its clear import, never once citing, let alone discussing, Subsection P in that portion of its brief in chief where it contends Chief Judge Nash lacked authority to hear Defendant's motion for reconsideration and dismiss the case. Instead, the State cites other subsections of LR2-400.1—specifically Subsection (L) (relating to the time for submitting and accepting plea agreements and identifying which judge(s) may accept a plea), and Subsection (N) (governing under what circumstances and to whom a special calendar case may be reassigned)—that plainly do not divest the chief judge or her designee of the authority vested in her by Subsection P to decide whether exceptional circumstances exist to justify a further extension of trial. Because the State neither offers any reasoned analysis of the applicable subsection of the rule nor cites any authority to support its contention that Chief Judge Nash was without authority to dismiss the case, we consider its argument on that issue no further. *See State v. Gonzales*, 2011-NMCA-007, ¶ 19, 149 N.M. 226, 247 P.3d 1111 (stating that "this Court has no duty to review an argument that is not

9

adequately developed"); *see also In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (explaining that "to present an issue on appeal for review, an appellant must submit argument *and authority*" and that appellate courts "assume where arguments in briefs are unsupported by cited authority, counsel . . . was unable to find any supporting authority").

{11}     Here, the record is clear that the special calendar judge extended the trial date beyond the forty-five-day limit when, on May 18, 2016, he issued the notice of jury trial, setting trial for May 26, 2016. Importantly, he did so without either entering written findings of exceptional circumstances or having the approval of the chief judge or her designee as required by LR2-400.1(P). Only *after* trial had not commenced by the forty-five-day deadline—May 23—and only *after* Defendant filed his emergency motion on May 23 did the special calendar judge enter an order containing its written findings of exceptional circumstances. On these facts alone, we have little difficulty concluding that the special calendar judge failed to both comply with the explicit requirements and act within the implicit restraints of LR2-400.1(P). Further, it is clear that the court's administration of this case—and, in particular, the *two* extensions of trial date it granted—was not focused "on the defendant and his or her right to have a prompt disposition of his or her criminal charges" as it should have been. *Savedra*, 2010-NMSC-025, ¶ 5. As such, we cannot say that Chief Judge

10

Nash—upon reconsideration and closer examination of the basis on which an extension beyond forty-five days was granted—erred in reconsidering, then denying, the extension and dismissing the case with prejudice.

{12} Because the record makes it clear that no exceptional circumstances supported an extension beyond May 23, chief Judge Nash's written order containing erroneous information regarding the trial setting is inconsequential. Even assuming Chief Judge Nash erred in finding that Defendant's renewed assertion of his speedy trial rights could not *factually* have formed the basis of the special calendar judge's finding of exceptional circumstances in its May 23 order, we conclude that the special calendar judge erred as a matter of law by predicating his finding of exceptional circumstances on Defendant's May 16 motion reasserting his speedy trial rights. In light of the purpose and intent of LR2-400.1, we conclude that Defendant's motion reasserting his speedy trial rights and the fact that the district court has not yet ruled on the motion does not constitute an "exceptional circumstance" warranting the additional extension under LR2-400.1(P). We briefly explain.

{13} An "exceptional circumstance" as contemplated in LR2-400.1(P) means just that: a circumstance that is exceptional, i.e., unusual, atypical, or unexpected in a way or to the point where it cannot reasonably be accommodated. *Cf.* Rule 7-506 NMRA, committee commentary (explaining that in the context of extending time limits for

commencing trial in metropolitan courts, "exceptional circumstances" would include "conditions that are unusual or extraordinary, such as death or illness of the judge, prosecutor, or defense attorney immediately preceding the commencement of trial; or other circumstances that ordinary experience or prudence would not foresee, anticipate, or provide for"). There is simply nothing exceptional about a criminal defendant reasserting his right to a speedy trial, particularly when trial has been delayed twice through no fault of the defendant's. *Cf. Savedra*, 2010-NMSC-025, ¶ 9 (explaining that "defendants may rely upon and assert their right to a speedy trial *whenever they believe impermissible delay has occurred*; whether that delay is the result of a dismissal and refiling or any other cause" (emphasis added)). That is especially so under the facts of this case, where the first extension of time for commencing trial was based on the special calendar judge's own need to "accom[mo]date [the] court[']s schedule." As to the second extension, the record makes clear that even prior to Defendant filing his May 16 motion reasserting his speedy trial rights, the special calendar judge was already contemplating a second extension based on one or both of two things: (1) the special calendar judge's own scheduling need, based on "[s]ome other things that came up today[,]" to set Defendant's trial for "a little later" than May 23, and/or (2) the "problem[,]" as identified by the State, of the unavailability of one of its "critical" witnesses between

May 23 and June 3, 2016. Thus, rather than being considered an "exceptional circumstance" to justify further delay, Defendant's May 16 motion arguably served to alert both the court and the State that Defendant intended to vigorously assert his right to a speedy trial and provided an opportunity for the court and State to meet their obligations for ensuring a timely trial in order to avoid dismissal. Their failure to do so cannot now be excused by using Defendant's assertion of the very right that LR2-400.1 is intended to help protect against him.

**CONCLUSION**

{14}    Based on the foregoing, we affirm the district court's order dismissing the case with prejudice.

{15}    **IT IS SO ORDERED.**

_____

**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____

**M. MONICA ZAMORA, Judge**

_____

**JULIE J. VARGAS, Judge**