This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39063**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**ROBERT CONANT,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Leland M. Churan, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Mark A. Perlata-Silva, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

**{1}** Defendant Roberto Conant appeals the district court's denial of his motion to challenge the amount of restitution set forth in a judgment filed more than eight months prior. Defendant argues that the district court failed to hold a hearing at which he could challenge the restitution amount claimed by the State prior to issuance of the judgment, and that the district court erred by finding he waived his right to challenge restitution by

signing a probation restitution agreement. The State answers that under Rule 5-801(A) NMRA, the district court lacked jurisdiction to reduce the amount ordered to be paid by Defendant more than ninety days following the judgment from which Defendant did not appeal. We affirm.

**DISCUSSION**

{2}     On April 10, 2019, Defendant pleaded guilty to driving under the influence of intoxicating liquor, and two separate counts of criminal damage to property, one count over and one count under $1,000, respectively. Defendant's plea followed an altercation in which he, while inebriated, broke an acquaintance's mobile home window before crashing his vehicle into another individual's truck. At the plea hearing, the district court accepted Defendant's plea and the State proffered an estimate for damage to the truck in the amount of $4,672.61, related to the criminal damage charge over $1,000. Defendant objected to the State's estimate, and the court informed Defendant he could seek a hearing on restitution. The next day, Defendant filed a notice (the April 2019 motion) challenging the State's estimate and requesting a hearing, alleging that the victim and the body shop conspired to inflate the estimate and that there was no showing that the victim was uninsured. However, the district court entered a judgment and sentence the next day—without scheduling a hearing on the April 2019 motion—that used the State's estimate as the basis for the following special condition of probation: "Restitution to Mr. Calderon of $4,672.61 to be contested within [ninety] days." Defendant did not appeal from this judgment or move for either a hearing or reconsideration.

{3}     Eight months later, on December 18, 2019, Defendant signed a proposed plan of restitution as part of his probation in which he agreed the amount of restitution owed to Mr. Calderon totaled $4,672.61, and that he was to make payments of $155.75 per month until the restitution was fully paid. *See* NMSA 1978, § 31-17-1(B) (2005) (requiring, in pertinent part, the probation officer and the defendant to "prepare a plan of restitution, including a specific amount of restitution to each victim and a schedule of restitution payments"). Nonetheless, on December 26, 2019, Defendant filed another motion (the December 2019 motion) challenging the restitution amount, claiming the same bases as in the April 2019 motion and also that he was unable to secure a second estimate for the damage due to his incarceration. On January 13, 2020, with the December 2019 motion still pending, the district court entered an order approving the plan of restitution Defendant had signed. *See* § 31-17-1(C) (requiring, in pertinent part, that the plan of restitution and the recommendations of the defendant's probation officer be submitted promptly to the court, and requiring the court to "enter an order approving or modifying the plan" taking into account various factors). Defendant filed neither a motion to reconsider the order nor a notice of appeal challenging the order.

{4}     The district court held a hearing on the December 2019 motion on April 27, 2020. Initially, at the hearing, the district court questioned its own jurisdiction, but ultimately determined that the April 2019 motion—filed prior to issuance of the judgment but never resolved or presented as error on direct appeal—preserved Defendant's argument and

determined that it could still consider the accuracy of the restitution component of the April 2019 judgment. Defendant then restated his concerns about the State's estimate, proffered photos of the damaged vehicle, and argued that the probation restitution agreement—which Defendant contends he was pressured to sign by probation officers—was merely an acknowledgement of the judgment. After some discussion at the hearing, the district court issued an order denying the December 2019 motion (the April 2020 order), declaring its reasoning to be that "Defendant agreed to pay the restitution amount when he signed his Restitution Plan."

{5} Defendant assigns two primary errors to the district court: (1) it was required to hold a hearing to give him the opportunity to contest the amount of restitution; and (2) it wrongly relied on Defendant's signed consent to the restitution plan in denying the December 2019 motion. Regarding the first issue, the State argues that this court lacks jurisdiction given Defendant's failure to file a notice of appeal within thirty days of the original judgment. We agree that the district court's April 2019 judgment and sentence, including the amount of restitution owed by Defendant, was a final order that could be challenged only by appealing that order to this Court within thirty days or timely seeking rehearing or reconsideration in the district court within ninety days, as provided by Rule 5-801. Rule 12-201(A)(1)(b) NMRA requires that all appeals must be filed within thirty days after the judgment or order appealed from is filed, except for suppression orders or the return of seized property. While Defendant's notice of appeal filed on May 21, 2020, explicitly challenges the district court's order denying Defendant's challenge to restitution amount and properly attaches the order dated April 30, 2020, *see* Rule 12-202(C) NMRA (requiring "[a] copy of the judgment or order appealed from, showing the date of the judgment or order, shall be attached to the notice of appeal"), it also incorporates challenges to events that took place a little more than a year earlier and from which no appeal was taken. The matter presently before this Court cannot include any challenge to the procedure used by the district court to arrive at the amount of restitution that was included in the final judgment and sentence entered a year prior on April 12, 2019. Stated differently, we lack jurisdiction to determine if the district court erred in failing to hold a separate restitution hearing before entering the judgment and sentence and therefore do not resolve Defendant's claim that he was entitled to such a hearing prior to entry of judgment.

{6} As to the April 2020 order, Defendant contends that the district court erred by improperly relying on Defendant's signed consent to the restitution plan in denying the December 2019 motion. The State answers that the district court lacked subject matter jurisdiction to modify the restitution order at Defendant's request months after sentencing given that Rule 5-801(A) limits motions to reduce sentences to the ninety-day period following entry of judgment. Defendant maintains that Rule 5-801(A) applies only to duration and conditions of a sentence, and further insists that Section 31-17-1(G) allows that "[a]t any time during the probation or parole period, the defendant or the victim may request and the court shall grant a hearing on any matter related to the plan of restitution," which he argues authorizes the district court to reduce the amount of restitution after ninety days.

**{7}** "We review sentencing decisions, including orders of restitution, for an abuse of discretion." *State v. George*, 2020-NMCA-039, ¶ 4, 472 P.3d 1235. "A trial court abuses its discretion when it exercises its discretion based on a misunderstanding of the law[,]" and we review a district court's interpretation of the relevant statutes—as well as procedural rules adopted by our Supreme Court—de novo. *Id.* (alteration, internal quotation marks, and citation omitted); *see State v. Miller*, 2008-NMCA-048, ¶ 11, 143 N.M. 777, 182 P.3d 158 ("We apply the same rules of construction to procedural rules adopted by [our] Supreme Court as we do to statutes.").

**{8}** Rule 5-801(A), regarding the "[r]eduction of sentence[,]" reads as follows: "A motion to reduce a sentence may be filed within ninety (90) days after the sentence is imposed, or within ninety (90) days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal." Rule 5-801 applies to the amount of restitution where, as here, the district court includes the amount of restitution in the judgment and sentence. *Cf. State v. Lack*, 1982-NMCA-111, ¶ 23, 98 N.M. 500, 650 P.2d 22 ("Under [Section] 31-17-1, . . . restitution to the victim must be considered as part of the sentencing process.").

**{9}** In *Lack*, this Court outlined the process by which a district court may include restitution as a component of a criminal sentence, with special attention to a defendant's opportunity to contest the amount of restitution entered as part of the judgment and sentence. 1982-NMCA-111, ¶¶ 9-21. "Under [Section] 31-17-1, . . . a full evidentiary hearing tantamount to a civil trial adjudicating liability is not contemplated as a prerequisite for the trial judge to require restitution." *Lack*, 1982-NMCA-111, ¶ 14. "The quantum of restitution need not be proven by a preponderance of the evidence as though the sum were being established in a civil action for damages." *Id.*

**{10}** Defendant filed his post-judgment motion challenging restitution on December 26, 2019, which was 258 days after the April 12, 2019, entry of judgment. As this was well past the ninety-day limit in Rule 5-801(A), the district court's jurisdiction regarding the motion to reduce sentence was limited to that motion's disposition. *See Hayes v. State*, 1988-NMSC-021, ¶ 8, 106 N.M. 806, 751 P.2d 186 ("As to the *disposition* of the motion, however, the court possesses discretion to hear and decide motions *after* thirty days [under prior rule setting timeframe at thirty days]."). Consistent with that, the district court denied the motion. Though Defendant argues that district courts possess broader jurisdiction to hear motions as to any issue related to restitution under Section 31-17-1, that jurisdiction does not include modification of the district court's finding on the amount of actual damages incurred by the victim. *See* Rule 5-801; *Lack*, 1982-NMCA-111, ¶ 14. In cases such as this where the judgment and sentence sets an amount of restitution based only on evidence of a victim's actual damages, any challenge to the amount of actual damages—or to the procedure used to arrive at that amount—must be brought within the times provided by Rule 5-801 or Rule 12-201. We recognize that, outside those time limits, district courts have jurisdiction over a variety of matters related to restitution, including what plan of restitution is appropriate in light of the factors set forth in Section 31-17-1(E) and whether modification of the plan of restitution is appropriate. However, we see nothing in the statute suggesting that our Legislature intended to

authorize a defendant to relitigate a victim's actual damages outside the time limits of Rule 5-801 or Rule 12-201 where, as here, an amount of actual damages and a corresponding amount of restitution has been determined by the court and included in the judgment and sentence.

**{11}** Defendant argues that his signature on the plan of probation was merely an acknowledgment of the amount entered at sentencing, and he is largely correct. Defendant's signature on the plan of restitution was not a consent to the amount of restitution set forth in the judgment and sentence; rather, he consented to that amount by failing to properly challenge it via a timely motion in the district court or a timely appeal to this Court. As Defendant himself acknowledges, Rule 5-801 exists in part to provide "a sense of finality for the public and defendants." As indicated by Rule 5-801 and Rule 12-201, the opportunity to challenge the judgment and sentence, including the amount of restitution set forth therein, had long passed.

**{12}** For these reasons, we are not persuaded that the district court erred in declining to modify the amount of restitution owed based on Defendant's challenge to the amount of actual damages incurred by the victim.[1] We therefore affirm the district court's denial of the December 2019 motion filed by Defendant. *See State v. Gallego*s, 2007-NMSC-007, ¶ 26, 141 N.M. 185, 152 P.3d 828 (holding that the appellate court will affirm the district court's decision if it is right for any reason, so long as it is not unfair to the appellant).

**CONCLUSION**

**{13}** For the above reasons, we affirm.

**{14}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**JANE B. YOHALEM, Judge**

---

[1]Defendant did not seek modification of the restitution amount based on inability to pay. Because it is not raised by the facts in this case, we do not address whether such a modification of the restitution amount is permissible more than ninety days after the entry of judgment.