This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41605**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellant,

v.

**IVAN GAMBOA-SOTO,**

      Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Conrad F. Perea, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Charles J. Gutierrez, Supervising Assistant Solicitor General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**HENDERSON, Judge.**

**{1}**    The State appeals the district court's order dismissing voyeurism charges against Defendant Ivan Gamboa-Soto with prejudice after the court found Defendant incompetent to stand trial, but not dangerous. We conclude that dismissal under NMSA 1978, Section 31-9-1.2(A) (1999, amended 2025)[1] is only permitted without prejudice.

---

[1]Although we recognize that the New Mexico Legislature amended Section 31-9-1.2 in 2025, we rely on the version in effect at the time Defendant committed the offenses. *See State v. Lucero*, 2007-NMSC-

Accordingly, we reverse and remand for entry of judgment dismissing the case without prejudice.

**BACKGROUND**

**{2}** Defendant was charged with seven misdemeanor and three felony counts of voyeurism, contrary to NMSA 1978, Section 30-9-20 (2007). Subsequently, defense counsel requested a competency evaluation pursuant to Rule 5-602.1 NMRA. In response, the State requested that the district court set a dangerousness hearing and find Defendant "dangerous" pursuant to Section 31-9-1.2 and Rule 5-602.2 NMRA. The district court scheduled a hearing, but rescheduled it after Defendant was hospitalized for medical treatment. Defendant did not attend the rescheduled hearing because he had been taken into federal custody shortly after his release from the hospital. The State did not obtain a writ of habeas corpus ad prosequendum to secure Defendant's presence, nor did it seek another continuance. The district court issued an order finding Defendant to be incompetent but not dangerous under Rule 5-602.2, and accordingly dismissed the charges against him with prejudice pursuant to Section 31-9-1.2(A). The State requested that the district court amend the dismissal order to be "without prejudice," instead of "with prejudice," which the district court denied. The State appeals.

**DISCUSSION**

**{3}** The State raises a single issue on appeal—whether the district court erred in dismissing the charges against Defendant "with prejudice." Because the issue raises questions of statutory interpretation and the application of procedural rules, our review is de novo. *See State v. Duhon*, 2005-NMCA-120, ¶ 10, 138 N.M. 466, 122 P.3d 50 ("Statutory interpretation is an issue of law, which we review de novo."); *see also State v. Miller*, 2008-NMCA-048, ¶ 11, 143 N.M. 777, 182 P.3d 158 ("We apply the same rules of construction to procedural rules adopted by the Supreme Court as we do to statutes.").

**{4}** Section 31-9-1.2(A) provides that "[w]hen, after hearing, a court determines that a defendant is not competent to proceed in a criminal case and the court does not find that the defendant is dangerous, the court may dismiss the criminal case without prejudice in the interests of justice." As is relevant to this appeal, the language of Rule 5-602.2(E) is identical—stating that if a defendant is found incompetent to stand trial but not dangerous, "the court may dismiss the case without prejudice in the interests of justice."

**{5}** Defendant contends that because Section 31-9-1.2(A) states that the district court "may" dismiss the matter without prejudice, such dismissal is permissive and "the

041, ¶ 14, 142 N.M. 102, 163 P.3d 489 (stating that "the law, at the time of the commission of the offense, is controlling" (internal quotation marks and citation omitted)). Nor does the recent amendment impact the analysis or disposition in this case. Thus, all references to Section 31-9-1.2 throughout this opinion refer to the 1999 amendment of the statute.

[L]egislature did not foreclose the possibility of dismissal with prejudice."[2] However, as Defendant concedes, this Court recently rejected a similar argument in *State v. Holbert*, 2024-NMCA-069, ¶¶ 17-21, 556 P.3d 603. In that case, this Court applied canons of statutory construction in determining the Legislature's intent regarding the same language in the same statute as here. *See id.* ¶¶ 19-21. This Court concluded "that dismissal under Section 31-9-1.2(A) is permitted *only if it is without prejudice.*" *Id.* ¶ 21 (emphasis added). Accordingly, we decline Defendant's invitation to reinterpret the statute differently than it was interpreted in *Holbert*. *See State ex rel. Martinez v. City of Las Vegas*, 2004-NMSC-009, ¶ 24, 135 N.M. 375, 89 P.3d 47 (explaining the importance of precedent and that "[v]ery weighty considerations underlie the principle that courts should not lightly overrule past decisions" (internal quotation marks and citation omitted)). Thus, we conclude that the district court erred in dismissing Defendant's charges with prejudice, rather than without prejudice.

**CONCLUSION**

**{6}**     We remand for entry of a corrected order that dismisses without prejudice.

**{7}     IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JANE B. YOHALEM, Judge**

---

[2]Defendant alternatively argues that, if Section 31-9-1.2 does not allow for dismissal with prejudice, this Court should invoke the right for any reason doctrine and conclude that the district court's decision was still proper under NMSA 1978, Section 31-9-1.4 (1999, amended 2025). We are not persuaded by Defendant's contention since the district court's order explicitly dismissed the charges against Defendant "pursuant to Section 31-9-1.2(A)." *See State v. Lohberger*, 2008-NMSC-033, ¶ 34, 144 N.M. 297, 187 P.3d 162 (stating that our Supreme Court has long insisted that an appeal be taken "only from a written order or judgment . . . based on the very practical need for clarity in ascertaining when a case has been disposed of, and by whom, and for what reason"). Moreover, a dismissal under Section 31-9-1.4 would require the district court to find "that there is not a substantial probability that the defendant will become competent . . . within a reasonable period of time not to exceed nine months from the date of the original finding of incompetency," a determination which the district court was not asked to make below. *See State v. Marquez*, 2023-NMSC-029, ¶ 32, 539 P.3d 303 (stating that it is generally improper to apply the right for any reason doctrine to unpreserved arguments, especially those requiring fact-finding).